The **LONG ISLAND RADIO COMPANY,** d/b/a **All Shores Radio Company, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 763, Docket 87–4148.**

United States Court of Appeals, Second Circuit.

Argued Feb. 19, 1988.

Decided March 8, 1988.

Harold R. Weinrich, New York City (Robert Lewis, Roger F. Kaplan, Margaret R. Bryant, Jackson, Lewis, Schnitzler & Krupman, New York City, on the brief), for petitioner.

Abby Propis Simms, Washington, D.C. (Rosemary M. Collyer, General Counsel, N.L.R.B., John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel, Eric G. Moskowitz, Deputy Asst. General Counsel, Washington, D.C., on the brief), for respondent.

Before TIMBERS, KEARSE, and MAHONEY, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Long Island Radio Corp., d/b/a All Shores Radio Company (the "Company"), petitions for review of an order of respondent National Labor Relations Board ("NLRB" or the "Board") dismissing the Company's application for attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504 (1982) ("EAJA" or the "Act"). The Board, having previously granted the Company an extension of time to file its application, dismissed the application filed during the period of the extension, ruling that the time limitation imposed by the EAJA for the filing of such applications is jurisdictional and that the purported grant of an extension was a nullity. On this petition for review, the Company argues (1) that the Act should be construed broadly to achieve its remedial purposes, and (2) that even if the Act's time limitation is jurisdictional, we should require the Board to entertain the Company's application on grounds of estoppel or "unique circumstances." We conclude that the Board lacked jurisdiction to grant the extension and that neither "unique circumstances" nor principles of estoppel permit the Board to entertain the application.

## BACKGROUND

The events leading to this petition for review have been stipulated by the parties or do not otherwise appear to be in dispute. In 1980, a regional director of the NLRB filed a complaint against the Company, alleging violations of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (1982). On October 16, 1981, the complaint was finally dismissed in its entirety.

Under the EAJA, any application by the Company for attorneys' fees was required to be filed on or before Monday, November 16. On Friday, November 13, Andrew A. Peterson, counsel for the Company, contacted several Board officials in an effort to obtain a one-month extension of time to file an application.

First Peterson wrote to the Board's Associate Chief Administrative Law Judge ("Chief ALJ") formally requesting an extension and telephoned the Chief ALJ to advise him that the written request had been transmitted. In their telephone conversation, the Chief ALJ advised Peterson that he believed he lacked the authority to grant the Company's request. He advised Peterson to contact the Board's Executive Secretary.

Peterson then sent a telegram to the Executive Secretary and telephoned that office, reaching the Associate Executive Secretary, who at first assured Peterson that some extension, though probably less than a month, would be granted. He stated that he would pursue the matter and call Peterson back. The Associate Executive Secretary spoke with Peterson later that day, stating that he was less certain whether an extension would be granted. He advised Peterson to speak with the Executive Secretary.

The Executive Secretary told Peterson that in the six weeks since the Act had become effective, the Board had received only a few EAJA applications and no requests for extensions of time to file the applications. The Executive Secretary granted the Company a one-week extension until November 23, 1981. The extension was confirmed in writing. The Company's application was filed on November 23.

Several weeks later, the Board's General Counsel advised the Company that he had researched the law and concluded that no extensions of time in which to file EAJA applications could be granted. In the proceedings before the administrative law judge ("ALJ") to whom the application was assigned, the General Counsel eventually moved to dismiss the application on the ground that the Board lacked jurisdiction to grant it because the application was filed more than 30 days after the final order dismissing the complaint.

The ALJ denied the General Counsel's motion to dismiss and eventually recommended that the Company be awarded fees in the amount of $149,039. On September 30, 1987, the Board reversed the ALJ's decision and dismissed the application. Stating that it was "not insensitive to [the] harshness" of its decision, the Board con-

cluded that the EAJA's 30–day filing requirement "is jurisdictional and cannot be waived or extended." This petition for review followed. For the reasons below, we deny the petition.

## DISCUSSION

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued...." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government. *See Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 2963–65, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951).

■■■■ Since jurisdiction to entertain a claim against the United States exists only as Congress has granted it, neither an agency nor a court has the power to entertain claims that do not meet the conditions limiting the waiver of immunity. Where a statute authorizing a claim against the United States contains time limits for filing the claim, those limits set the temporal boundaries of the consent to be sued; they grant the tribunal in which the claim is to be filed jurisdiction to entertain only those claims that are filed within the time allowed by the statute. *See, e.g., Diliberti v. United States*, 817 F.2d 1259, 1261–62 (7th Cir.1987) (action to enforce rights under Freedom of Information Act, 5 U.S.C. § 552a(g)(5) (1982)); *Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir.1980) (suit under Federal Tort Claims Act, 28 U.S.C. § 2401(b) (1982)), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). As stated in *Simon v. United States*, 244 F.2d 703, 705 (5th Cir.1957), such a time limit is an "enabling statute, evidencing a consent to be sued and fixing the time for suing[; it] is not a statute of limitation but

a statute granting for a limited time the right of action afforded."

■■■■ Prior to the effective date of the EAJA, a litigant had, except under the occasional statute that contained a fee-shifting provision, no right to recover attorneys' fees from the United States, for the United States had not waived its immunity from such a claim. *See, e.g.*, 28 U.S.C. § 2412 (1976); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 265–68, 95 S.Ct. 1612, 1626–27, 44 L.Ed.2d 141 (1975). The EAJA became effective on October 1, 1981, and was made applicable to civil actions, *see* 28 U.S.C. § 2412 (1982), and to agency proceedings, *see* 5 U.S.C. § 504. As applied to federal administrative agencies, the Act provided, in pertinent part, as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application which shows that the party is a prevailing party and is eligible to receive an award under this section....

5 U.S.C. § 504(a)(2). *See* 28 U.S.C. § 2412(d)(1)(B) (party to a civil action may obtain fees upon proper application to the court "within thirty days of final judgment in the action"). Thus, the Act effected "a significant relaxation of sovereign immunity in actions seeking attorneys' fees from the United States," *Commissioners of Highways v. United States*, 684 F.2d 443, 444 (7th Cir.1982) (constructing § 2412(d)(1)(B)); *see Action on Smoking & Health v. CAB*, 724 F.2d 211, 225 (D.C.Cir. 1984) (same), but its relaxation was not boundless. It established a 30–day period in which the application for fees and expenses may be submitted. Accordingly, we agree with other circuits that have considered this question that the Act restricted the jurisdiction of the court or the agency to entertain the application. *See, e.g., Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 386 (7th Cir.1987) (Board lacked power under 5 U.S.C. § 504(a)(2) to add three days to 30–day period to allow for mailing); *Clifton v. Heckler*, 755 F.2d 1138, 1144–45 (5th Cir. 1985) (construing 28 U.S.C. § 2412(d)(1)(B));

*Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (construing 5 U.S.C. § 504(a)(2)); *Monark Boat Co. v. NLRB,* 708 F.2d 1322, 1326–27 (8th Cir. 1983) (same); *id.* at 1327 (discussing legislative history).

■ We conclude that the NLRB had no power to waive the EAJA deadline imposed by Congress by granting the Company an extension. Nor do we have the power to waive that deadline.

■ The Company argues that notwithstanding the limitation on the EAJA waiver of sovereign immunity, the Board should be estopped from enforcing the deadline in this case because its granting of an extension caused the late filing of the application. We reject this argument principally for two reasons. First, since the limitation on the filing of such claims is a limitation of the tribunal's subject matter jurisdiction, "principles of estoppel do not apply." *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *see American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 16–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951).

■ Second, even if there were no jurisdictional bar to estoppel, the factual foundation for an estoppel here is lacking. Although the Supreme Court has "declined to decide whether even 'affirmative misconduct' would estop the Government from denying [a benefit]," it has plainly indicated that given " 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury,' " action not descending to the level of "affirmative misconduct" does not suffice to estop the government from adhering to statutory requirements. *Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1471, 67 L.Ed. 2d 685 (1981) (quoting *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947)).

There plainly was no affirmative misconduct here. The Board officials were presented for the first time with a request for an extension of time to file an EAJA application, with the request made on the last business day before the statutory deadline. Certain of the officials expressed doubt as to whether an extension could be given; there is not a shred of a suggestion in the record that the final decision to grant the Company's request was anything but honest ignorance of the jurisdictional nature of the statutory limitation. This falls far short of affirmative misconduct. *See, e.g., Goldberg v. Weinberger,* 546 F.2d 477, 481 (2d Cir.1976) (misinformation given by an apparently authorized government agent does not excuse claimant's failure to meet statutory and regulatory qualifications to obtain benefits), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977). *See also Heckler v. Community Health Services,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) ("the general rule [is] that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law").

■ Finally, we reject the Company's contention that because of the Board's improvident extension, the Board should be deemed to have had jurisdiction to entertain the untimely fee application under the "unique circumstances" rule of *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed. 2d 404 (1964). *Thompson* involved an appeal whose filing deadline was 60 days after either the final judgment in the case or a ruling on a timely motion for a new trial under Fed.R.Civ.P. 59. The appeal was filed more than 60 days after the judgment, but less than 60 days after the trial court's ruling on the new-trial motion, a motion that the trial court had assured the appellant was timely. In fact, the motion was not timely, and under Fed.R.Civ.P. 6, the district court had no power to extend the time for the new-trial motion. The Supreme Court held that in the "unique circumstances" of the trial court's explicit misstatement, the court of appeals could not be stripped of its jurisdiction to hear the appeal. This holding does not help the Company in the present proceeding, for there was no suggestion in *Thompson* that the district court, in misstating the timeliness of the new-trial motion, had succeeded in enlarging its own jurisdiction to enter-

tain that motion. *See Bailey v. Sharp,* 782 F.2d 1366, 1369–70, 1373 (7th Cir.1986) (Easterbrook, *J.,* concurring). We decline to extend the *Thompson* rule here to allow the Board's extension to expand its own jurisdiction.

## CONCLUSION

We have considered all of the Company's arguments for reversal of the Board's dismissal of its EAJA application and have found them to be without merit. The petition for review is denied.