Robert LANKTON

v.

Otis BOWEN.

Civ. No. H–86–424 AHN.

United States District Court,
D. Connecticut.

Nov. 15, 1990.

Judith I. Solomon, Hartford, Conn., for plaintiff.

Deidre A. O'Connor, Sp. Asst. U.S. Atty., Bridgeport, Conn., for defendant.

### RECOMMENDED RULING ON MOTION FOR ATTORNEY'S FEES

F. OWEN EAGAN, United States Magistrate.

Plaintiff, Robert Lankton, moves for the award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Lankton appealed to this court from an adverse decision of the Secretary of Health and Human Services denying him certain disability benefits. On January 3, 1990, the court, absent objection, adopted and ratified the magistrate's recommended ruling granting plaintiff's motion for summary judgment. Judgment for the plaintiff was subsequently entered on January 17, 1990. Lankton filed his motion for fees with the court on March 22, 1990 seeking fees in the amount of $2,722.50. Defendant objects to plaintiff's motion for fees claiming that such motion must be dismissed as untimely. For the following reasons plaintiff's request for attorney's fees pursuant to the EAJA is denied.

### DISCUSSION

Title 28 U.S.C. § 2412(d)(1)(B) requires that an application for fees under Section 2412(d)(1)(A) be filed "within 30 days of final judgment in the action." The EAJA defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Here, judgment was entered on January 17, 1990, after the district court, absent objection, adopted and ratified the magistrate's recommended rul-

ing granting plaintiff's motion for summary judgment.

 Title 28 U.S.C. § 636(b)(1) provides that any party who wishes to object to the magistrate's proposed recommendation, within 10 days of being served with a copy, "may serve and file written objections as provided by rules of court." The United States District Court for the District of Connecticut has adopted Rules for United States Magistrates. Rule 2 requires that "[a]ny party wishing to object must, within ten (10) days after service of such order and recommended ruling on him, serve on all parties, and file with the Clerk, written objection which shall specifically identify the ruling, order, [and] proposed findings and conclusions...." Furthermore, the Court of Appeals for the Second Circuit has adopted the rule that a party's failure to file objections to the magistrate's decision waives that party's right to further judicial review of that decision. *See John B. Hull, Inc., v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24, 29–30 (2d Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). By not objecting to the magistrate's recommended ruling within 10 days thereof, as required by the local rules, the defendants waived their right to appeal the district court's order. *Wesolek v. Canadair,* 838 F.2d 55, 58 (2d Cir.1988). Accordingly, the court's judgment became final on January 17, 1990 and was then a "final judgment" within the meaning of section 2412(d)(1)(B) which set running the thirty-day period in which Lankton might have filed as application for fees and costs. Accordingly, plaintiff's motion for fees, filed more than 60 days after final judgment, was untimely.

 The court regrets denying plaintiff's fee petition, especially considering the lengthy and duplicative nature of the proceedings which plaintiff underwent before rightfully prevailing on the merits in this case. That withstanding, the thirty-day limit in the EAJA is a waiver of immunity and must be strictly construed. *Long Island Radio Co. v. N.L.R.B.,* 841 F.2d 474, 477 (2d Cir.1988). As the thirty-day limit is jurisdictional, courts have no authority to waive or disregard the statutory deadline. *Id.* at 478.

## CONCLUSION

For the aforementioned reasons, the court denies plaintiff's motion for fees under the EAJA as this request is untimely.

Any objections to this report and recommendation must be filed with the Clerk of Courts within ten (10) days after service of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636.