Nelson G. GRIVOIS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–289.

United States Court of Veterans Appeals.

Sept. 30, 1994.

As Amended Oct. 4, 1994.

Stephen L. Shelnutt, Arlington, VA, filed the fee application for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

NEBEKER, Chief Judge:

On June 23, 1994, the appellant's counsel lodged with the Court his application for attorney fees and expenses under the Equal Access to Justice Act (EAJA). Pub.L. No. 99–80, 99 Stat. 183, 185 (1985) (codified at 28 U.S.C. § 2412), *as amended by* Pub.L. No. 102–572, tit. V, § 506, 106 Stat. 4506, 4513 (1992). The Court, on July 18, 1994, ordered the appellant to show cause why the application should be deemed timely. An untimely response was received on August 22, 1994. For the reasons set forth below, the Court will dismiss the fee application as untimely.

■ Pursuant to EAJA, a party seeking an attorney fee award must "submit" the fee application within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The Court has received several motions in other appeals to enlarge the 30–day filing period. It has also received motions in other cases to file EAJA applications out-of-time. The issue in the instant appeal is whether the 30–day filing period may be waived by the Court. We conclude it may not.

■ EAJA is a waiver of sovereign immunity, and its jurisdictional provisions are to be strictly construed in the government's favor. *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 136–37, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991); *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983); *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2nd Cir.1988); *Clifton v. Heckler*, 755 F.2d 1138, 1144–45 (5th Cir. 1985); *Carter v. Bowen*, 733 F.Supp. 1084, 1085 (S.D.Miss.1990); *Jones v. Derwinski*, 2 Vet.App. 231, 232 (1992).

The circuit courts that have considered the issue agree that EAJA's 30–day filing deadline is to be strictly enforced. *See, e.g., Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir.1990); *Howitt v. U.S. Dept. of Commerce*, 897 F.2d 583, 584 (1st Cir.1990), *cert. denied*, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *Adam Sommerrock Holzbau, GmbH v. United States*, 866 F.2d 427, 430 (Fed.Cir.1989); *MacDonald Miller Co. v. NLRB*, 856 F.2d 1423, 1425 (9th Cir.1988); *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477–78 (2nd Cir.1988) (the reasoning employed by the courts in construing 30–day time limitations in EAJA as codified at 5 U.S.C. § 504(c)(2) applies equally to review under 28 U.S.C. § 2412(d)(1)(B)); *J–I–J Constr. Co. v. United States*, 829 F.2d 26 (Fed.Cir.1987); *Western Newspaper Publishing Co. v. NLRB*, 821 F.2d 459, 460 (7th Cir.1987); *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 386 (7th Cir.1987); *Clifton v. Heckler*, 755 F.2d at 1144–45; *Action on Smoking & Health v. CAB*, 724 F.2d 211, 225 (D.C.Cir. 1984); *Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409, 1410 (9th Cir.1983); *Monark Boat Co. v. NLRB*, 708 F.2d 1322, 1326–27 (8th Cir.1983). Neither the parties nor the courts may waive the 30–day filing period. *Howitt*, 897 F.2d at 584; *Long Island Radio Co.*, 841 F.2d at 478; *See also Lankton v. Bowen*, 133 F.R.D. 81, 82 (D.Conn.1990).

■ The timely submission of an EAJA application is a jurisdictional prerequisite to governmental liability for attorney fees. *Action on Smoking & Health*, 724 F.2d at 225. An appellant's failure to submit an EAJA application within this 30–day time constraint precludes the Court from considering the fee application's merits. *Welter v. Sullivan*, 941 F.2d at 675; *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir.1989); *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir.1987). Accordingly, we hold that a party seeking an attorney fee award pursuant to EAJA must submit the fee application within thirty days of final judgment in the action. We further hold that to timely "submit" an EAJA application, it must be received by the Court within 30 days of final judgment. *See Lord Jim's v. NLRB*, 772 F.2d 1446, 1449 (9th Cir.1985), and other cases cited therein. *Cf. Torres v. Derwinski*, 1 Vet.App. 15, 17 (1990) (to be timely filed, the Notice of Appeal must be received by the Clerk within the time required for filing); *Elsevier v. Derwinski*, 1 Vet.App. 150, 152 (1991). *See also* Fed. R.App.P. 25(a); U.S.Vet.App. 25(b)(2).

■ Turning to the instant appeal, we must determine the last day on which the appellant could have filed a timely EAJA application. In his response to the Court's show cause order, the appellant proffers the excuse that, by his calculations, his fee application was filed on the thirtieth day. The appellant's calculation was wrong. As noted above, section 2412(d)(1)(B) provides that a "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application...." Section 2412(d)(2)(G) defines final judgment as a "judgment that is final and not appealable, and includes an order of settlement."

Judgment in the underlying appeal was entered on March 24, 1994. The judgment became final and unappealable on May 23, 1994, when the sixty-day appeal period to the U.S. Court of Appeals for the Federal Circuit had run. *See* 38 U.S.C. § 7292 and Fed. R.App.P. 4. The application for attorney fees was due to be "filed with the Clerk within 30 days" of that date or no later than June 22, 1994. *See* U.S.Vet.App.R. 39(a). Accordingly, we find that the appellant's application, received on June 23, 1994, was untimely, and the Court is without subject matter jurisdiction to consider it.

■ It should be borne in mind that applications for fees under EAJA cannot be treated with liberality. Counsel is held to a higher standard than an unrepresented appellant. *See, e.g., Sonicraft,* 814 F.2d at 386; *Action on Smoking and Health,* 724 F.2d at 225. *Cf. Butler v. Derwinski,* 960 F.2d 139, 141 (Fed.Cir.1992) ("the Court of Veterans Appeals simply cannot evade Congress's limitations upon its jurisdiction by furnishing an extension which Congress has not empowered it to provide.").

The appellant's application for attorney fees is dismissed as untimely.