Robert D. JENNINGS, Appellant, and
David G. Buckley, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

Nos. 91–1474, 92–866.

United States Court of Veterans Appeals.

Decided Dec. 5, 1994.

David B. Wiles, Portland, OR, was on the application of appellant Jennings.

Christopher A. Cole, Orange, CA, was on the application of appellant Buckley.

Mary Lou Keener, General Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the brief for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

FARLEY, Judge:

These two appeals were consolidated because they present a common issue: the timeliness of an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA).

## I.

**A.** *Jennings v. Brown*, No. 91–1474

By an order dated July 26, 1993, this Court vacated the Board of Veterans' Appeals (BVA) decision on appeal and remanded the matter. A judgment was entered on August 13, 1993, which specifically retained jurisdiction in accordance with U.S.Vet.App.R. 36(b), as it then existed, for the limited purpose of considering any EAJA application. However, a decision of the Supreme Court in *Shalala v. Schaefer*, —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), required this Court to modify Rules 36 and 39 and our handling of EAJA applications. *See Stillwell v. Brown*, 6 Vet.App. 291 (1994). A new judgment was entered by the Clerk of the Court on March 24, 1994, as part of the Court's mass judgment entry following the modification of Rule 36. The Clerk forwarded copies of the judgment and Miscellaneous Order No. 2–94, which amended Rules 36 and 39, to appellant's counsel by a letter which also advised that any application for fees and expenses under EAJA would have to be filed with the Court within 30 days after the judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B). The Clerk's letter specifically noted that "[t]his judgment will become final sixty days after its date unless there is an appeal to the U.S. Court of Appeals for the Federal Circuit." The mandate was issued on May 25, 1994.

Since Mr. Jennings did not appeal to the Federal Circuit, any EAJA application would have had to be filed with this Court no later than June 22, 1994. No application was filed by that date; instead, on June 24, 1994, appellant Jennings filed a motion to extend time to file an EAJA application until July 1, 1994. On June 30, 1994, the Court ordered

appellant Jennings to submit a supplemental memorandum on whether the 30–day period of 28 U.S.C. § 2412(d)(1)(B) is jurisdictional and the Secretary was directed to file a response. On that same date, appellant's application under EAJA was "received," but not accepted for filing, by the Court and the matter is presently pending on the motion of the appellant to extend the time to file the application.

**B.** *Buckley v. Brown,* No. 92–866

The Court granted a joint motion for remand of Mr. Buckley's appeal in a September 3, 1993, order. Judgment was entered on September 21, 1993, and jurisdiction was retained to entertain an EAJA application. For the reasons noted above, a new judgment was entered on March 24, 1994, and sent, along with a copy of Miscellaneous Order 2–94, to counsel for appellant Buckley by a letter from the Clerk of the Court identical to that sent to appellant Jennings.

The Clerk's letter and the enclosed material, including the March 24, 1994, judgment, were returned to the Court as undeliverable by the U.S. Mail. Following a telephone call to counsel to verify that the address was correct (*see* Appellant's Reply to Show Cause Order at 3), on April 12, 1994, the Clerk's letter with accompanying materials was remailed. The mandate, which should have been issued on May 24, 1994 (*see* U.S.Vet. App.R. 41(a)), was issued on July 11, 1994. Appellant Buckley did not file an EAJA fee application on or before June 22, 1994. On July 21, 1994, the Court "RECEIVED" appellant Buckley's application and on July 25, 1994, the Court ordered appellant Buckley to show cause why his application should not be dismissed. (As a technical matter, it might have been more appropriate for the Court to have directed appellant Buckley to show cause why his out-of-time application should be accepted for filing, but the determinative issue would be the same in either event.)

**C. Consolidation**

On September 15, 1994, the Secretary moved to consolidate these two appeals because each presented the same issue, i.e., whether the applications for attorney fees and expenses were timely filed. By order dated October 12, 1994, the Court consolidated the cases.

**II.**

On October 29, 1992, Congress enacted section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court.

The EAJA provisions pertinent to the issue presented in these appeals are:

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party.

> .  .  .  .  .

> (G) "final judgment" means a judgment that is final and not appealable, and includes an order of settlement[.]

28 U.S.C. § 2412(d)(1)(B), (d)(2)(G).

In *Grivois v. Brown,* 7 Vet.App. 100 (1994), the Court concluded that the 30–day period of 28 U.S.C. § 2412(d)(1)(B) was jurisdictional: "The timely submission of an EAJA application is a jurisdictional prerequisite to governmental liability for attorney fees." *Grivois,* 7 Vet.App. at 101. The facts in *Grivois* are virtually identical to those presented in these consolidated cases as they pertain to the timeliness of EAJA applications:

> Judgment in the underlying appeal was entered on March 24, 1994. The judgment became final and unappealable on May 23, 1994, when the sixty-day appeal period to the U.S. Court of Appeals for the Federal Circuit had run. *See* 38 U.S.C. § 7292 and Fed.R.App. P. 4. The application for attorney fees was due to be "filed with the Clerk within 30 days" of that date or no later than June 22, 1994. *See* U.S.Vet. App.R. 39(a).

*Grivois,* 7 Vet.App. at 102.

▮ Based on this factual predicate, the Court found controlling the admonition of the Federal Circuit in *Butler v. Derwinski,* 960

F.2d 139, 141 (Fed.Cir.1992), that "the Court of Veterans Appeals simply cannot evade Congress's limitations upon its jurisdiction by furnishing an extension which Congress has not empowered it to provide." *Grivois,* 7 Vet.App. at 102. For this reason, the Court held in *Grivois* that "a party seeking an attorney fee award pursuant to EAJA must submit the fee application within thirty days of final judgment in the action. We further hold that to timely 'submit' an EAJA application, it must be received by the Court within 30 days of final judgment." *Id.*

As the Secretary has argued, *Grivois* controls each of these consolidated appeals. Since the applications for attorney fees and expenses under EAJA were not received by the Court within 30 days of final judgment, they were untimely and may not be considered.

### III.

■ Appellant Buckley raises an additional argument why his application should be deemed timely filed. He argues, in essence, that because an order of remand on consent constitutes a mandate under Rule 41(b) and because *Stillwell, supra,* held that the date of the issuance of mandate date starts the running of the 30–day period within which to fill an EAJA application, his July 21, 1994, application was timely because it was filed within 30 days of the July 11, 1994, mandate. This argument is based on a selective reading of *Stillwell* which cannot withstand scrutiny.

The situation in *Stillwell* was markedly different than that in Mr. Buckley's case. In *Stillwell,* the Court granted a joint motion for remand on July 2, 1993, and judgment was entered on July 22, 1993. The EAJA application was filed on August 2, 1993. *See Stillwell,* 6 Vet.App. at 293. The Secretary initially argued that the application was untimely, but withdrew that argument because of the decision of the Supreme Court in *Schaefer, supra.* It had been the appellant's consistent position that his application was timely filed under Rule 41(b) which provided, in pertinent part, that "[a]n order on consent dismissing or remanding a case will also constitute the mandate." U.S.Vet.App.R. 41(b).

The Court "agree[d] with both parties on this issue." *Stillwell,* 6 Vet.App. at 299.

The July 22, 1993, judgment in *Stillwell* became final on September 20, 1993, and the August 2, 1993, filing of the EAJA application, though premature, was deemed timely. Thus, the position of the Secretary with which the Court in *Stillwell* agreed is precisely that found in *Grivois* and in Part II., *supra.* For the reasons discussed in Part II., *supra,* appellant Buckley's application was received neither within the statutory 30–day period nor prior to that period such that it could be " 'treated as if' it were later filed." *Stillwell,* 6 Vet.App. at 300. While *Stillwell* indicates that there may be some latitude for applications filed prematurely, *Butler* and *Grivois* permit no leeway with regards to applications received after the expiration of the statutory period.

The *Stillwell* Court also agreed with the Rule 41(b) argument advanced by the appellant in that case. In *Stillwell,* the court held that, pursuant to Rule 41(b), the date of a remand order on consent is the date of the mandate and that, because a "mandate generally issues only following entry of judgment and expiration of the appellate period," the appellant's 30–day statutory period began to run on the date of the order of remand. *Id.* In order to have been timely filed under the Rule 41(b) analysis and holding of *Stillwell,* however, appellant Buckley's application would have had to have been received within 30 days of the September 3, 1993, order of remand which, under Rule 41(b), "constitute[s] the mandate." Thus, the application in *Stillwell* was timely filed under both analyses, but appellant Buckley's application was timely under neither.

### IV.

The applications for attorney fees and expenses under EAJA were not timely as required by 28 U.S.C. § 2412(d)(1)(B) and will not be accepted for filing. Appellant Jennings' motion for extension of time is DENIED.