**Sarah E. NORD, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary Of Veterans Affairs, Appellee.**

**No. 96–949.**

United States Court of Veterans Appeals.

Oct. 20, 1997.

Robert K. Gruber, Denver, CO, was on the briefs for appellant.

No appearance was entered on behalf of the Secretary of Veterans Affairs.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

NEBEKER, Chief Judge, filed the opinion of the Court. KRAMER, Judge, filed a dissenting opinion.

NEBEKER, Chief Judge:

This case is before the Court on the appellant's application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA). For the following reasons, the Court will hold that the application was untimely filed and the Court lacks jurisdiction to entertain it.

## I. FACTS

On May 28, 1997, the Court remanded the appeal in this case to the Board of Veterans' Appeals (BVA or Board) and entered its mandate. Pursuant to 28 U.S.C. § 2412, the appellant's EAJA application was due no later than Friday, June 27, 1997. On June 29, 1997, two days out of time, the appellant's counsel faxed the EAJA application to the Court. On July 14, 1997, the Court ordered the appellant to show cause why her EAJA application should not be dismissed as untimely. On July 29, 1997, the Court received the appellant's response which argued that the Court's rule regarding facsimile filing states that "a paper received by the Clerk before 7:00 am on a business day is considered as received on the preceding business day." See U.S. Vet.App. R. 25(b)(1). Since Sunday, June 29, 1997, was not a business day, she argues that her EAJA application should be deemed filed on Friday, June 27.

## II. ANALYSIS

EAJA is a waiver of sovereign immunity, and its jurisdictional provisions are to be strictly construed in the government's favor. *Grivois v. Brown,* 7 Vet.App. 100, 101 (1994). The EAJA statute uses neither "filed" nor "received" when discussing EAJA applications. Rather, the statute provides that an applicant must "submit" an application "within" a certain 30–day period. *See* 28 U.S.C. § 2412(d)(1)(B). The Court has defined "submitted" as "received by the Court within 30 days of final judgment." *Grivois,* 7 Vet.App. at 101. Because the instant case was remanded pursuant to an order granting a joint motion, the remand order was final and unappealable. Consequently, the 30–day period began to run on the date the order was issued. *See Bowers v. Brown,* 8 Vet. App. 25, 27–28 (1995).

The Court has consistently held that the EAJA 30–day filing deadline is to be strictly enforced and may not be waived. *See Bazalo v. Brown,* 9 Vet.App. 304, 309 (1996); *see also Grivois,* 7 Vet.App. at 101 ("The circuit

courts that have considered the issue agree that EAJA's 30–day filing deadline is to be strictly enforced"). In *Grivois,* the Court provided explicit guidance regarding the strictness of the 30–day period.

> The timely submission of an EAJA application is a jurisdictional prerequisite to governmental liability for attorney fees. An appellant's failure to submit an EAJA application within this 30–day time constraint precludes the Court from considering the fee application's merits. Accordingly, we hold that a party seeking an attorney fee award pursuant to EAJA must submit the fee application within thirty days of final judgment in action. We further hold that to timely "submit" an EAJA application, it must be received by the Court within 30 days of final judgment.

*Grivois,* 7 Vet.App. at 101 (citations omitted, quotations in original).

█ In the instant case, the EAJA application was not submitted within the 30–day period. Indeed, it was not until two days after the period closed that counsel took any action to submit his application to the Court. Under no interpretation of historical events was this application submitted to the Court within the applicable 30–day period.

Despite counsel's reliance upon Rule 25(b), the plain language of that rule reveals that it does not support his position. Rule 25(b) states that a paper received by the Clerk "before 7:00 am *on a business day"* is considered received on the preceding business day. (Emphasis added.) This EAJA application was not received *on a business day.* It was received on *Sunday,* a non-business day. This interpretation keeps Rule 25 in harmony with the EAJA statute and case law. In addition, it avoids the appearance of an inappropriate extension of the Court's jurisdiction.

### III. CONCLUSION

Accordingly, the appellant's EAJA application is DISMISSED.

KRAMER, Judge, dissenting:

I would hold that the appellant's EAJA application is timely filed. As Rule 25(a) permits "[any] paper ... permitted to be filed in this Court ... except a brief [to] be filed by facsimile (fax)," I agree with the majority insofar as it intimates that Rule 25(b) is applicable to an EAJA application. Rule 25(b) provides that "a paper received by the Clerk [by facsimile] before 7:00 a.m. on a business day is considered received on the preceding business day." Does the phrase "before 7:00 a.m. on a business day" apply only when the fax is received on a business day, or is any receipt prior to the time specified in the rule, even if on a weekend, sufficient?

The majority suggests that the former reading is mandated because such an interpretation "keeps Rule 25 in harmony with the EAJA statute and case law," i.e., it requires that an EAJA application, in conformity with Rule 39(a), be received by the Court within 30 days of final judgment. Unfortunately, the majority's interpretation will not always accomplish that result. If the appellant's application, rather than having been received on Sunday, a non-business day, had been received between 12:00 a.m. and 7:00 a.m. on Monday, a business day, the majority's rule would revert the application's receipt to the preceding Friday, i.e. the preceding business day, thus extending the 30 day receipt period. Another example to help illustrate the majority's interpretation is that if the appellant's fax had been received, hypothetically, at 6:00 a.m. on a Friday, the thirty-first day after final judgment, it, too, by operation of Rule 25(b), would have to be deemed timely received as of Thursday.

Consequently, there is no basis for the majority's conclusion that its interpretation of Rule 25(b) precludes an extension of the EAJA filing period. Quite to the contrary, it mandates, after the 30 day receipt period expires, extension where an appellant's application is received between 12:00 a.m. and 7:00 a.m. on the next business day, but precludes extension where an application is received on a weekend, thus providing the anomalous result of excluding the Sunday receipt in this case, but allowing it if the receipt had occurred even later, on the next day, between 12:00 a.m. and 7:00 a.m. Given

that incongruity, the majority's interpretation cannot stand.

Furthermore, there is a second reason for holding that the appellant's application is timely. Because of the placement of the phrase *"before* 7:00 a.m." as the triggering mechanism for operation of Rule 25(b)(1) (as opposed to the phrase *"on* a business day") (emphasis added), it should be read so as to backdate the receipt of an application *received before* 7:00 a.m. on a business day. It is *not* written so as to require *receipt on* the business day—only before a certain time on that day. Thus, the rule as written does apply, albeit unwisely, to the appellant's application. The remedy is obvious—a change in the Rule. I respectfully dissent.