**Ruffin L. PAIGE, Jr., Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–1053.**

United States Court of Veterans Appeals.

June 5, 1998.

Before KRAMER, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On April 2, 1998, the Court received, by facsimile transmission, from the appellant's counsel a document entitled "Amendment to Appellant's Application for Award of Attorney Fees, Costs and Other Expenses". On the same date, the Court received from the Secretary a purported response under Rule

39(c) of the Court's Rules of Practice and Procedure to a purported application for reasonable attorney fees and expenses submitted by the appellant under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The response essentially conceded an EAJA award of fees and expenses. However, such an EAJA application was required to be submitted not later than March 20, 1998—30 days after the entry of final judgment, which occurred on February 18, 1998, when the Court issued an order granting the parties' joint motion for remand and providing that that order constituted the mandate of the Court. *See* 28 U.S.C. § 2412(d)(1)(B); *Bazalo v. Brown,* 9 Vet.App. 304, 309 (1996) (en banc) ("[f]ailure to submit an EAJA application within 30 days [after] final judgment precludes this Court from considering the fee application's merits") (citing *Grivois v. Brown,* 7 Vet.App. 100, 101 (1994)), *appeal docketed,* No. 97–7060 (Fed.Cir.) (May 22, 1997). The Court's files contain no evidence of receipt by March 20, 1998, of any EAJA application submitted by the appellant in this case.

On April 3, 1998, the Clerk of the Court issued an order for the appellant to show cause why the Court should accept for filing his April 2, 1998, amendment. On April 15, 1998, the appellant filed a response indicating that he had mailed his EAJA application to the Court and to the Secretary several days before the date on which the application was due. He notes that although opposing counsel received the application in a timely manner, apparently the Court's copy was lost in the mail. The appellant transmitted a copy of the EAJA application with his response.

Under 28 U.S.C. § 2412(d)(1)(B), an EAJA applicant must "submit" an application "within" 30 days after the entry of final judgment. Unless the Court actually receives that application within that time period, the Court has no jurisdiction to consider the merits of the EAJA application. *See Grivois, supra.* The Court has defined "submitted" as "received by the Court within 30 days [after] final judgment." *Nord v. Gober,* 10 Vet.App. 442, 443 (1997) (citing *Grivois, supra* ). Because in the instant case the appellant's EAJA application was not received within this juris-

dictional time period (the copy attached to the Amendment was received on April 2, 1998—13 days late), the Court has no alternative but to dismiss the application as untimely.

The Court notes that counsel for appellants would be well advised to file EAJA applications either by facsimile transmission, *see* U.S. VET.APP. 25(b)(1) (last sentence) (amended effective April 1, 1998, by Misc. Order No. 2–98 (Feb. 11, 1998)), or by a form of delivery that provides for a return receipt, in order to ensure timely receipt by the Court within the 30-day EAJA jurisdictional period.

On consideration of the foregoing, it is

ORDERED that the appellant's EAJA application received on April 2, 1998, is DISMISSED for lack of jurisdiction. *See Nord, Bazalo,* and *Grivois,* all *supra.*