Carlos L. JONES, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 98–1613.

United States Court of Appeals for Veterans Claims.

Oct. 21, 1999.

Before FARLEY, HOLDAWAY, and GREENE, Judges.

## ORDER

PER CURIAM:

On June 24, 1999, the Court issued an order granting the parties' joint motion to vacate, in part, the decision of the Board of Veterans' Appeals (Board) and remand the matter for readjudication. On August 11, 1999, the Court received the appellant's application for an award of fees and other expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Accompanying the appellant's EAJA application was a letter addressed to the Clerk of the Court. In that letter, the appellant explained that (1) he had sent the EAJA application to the Court via Federal Express on July 21, 1999, and (2) it was delivered and signed for by "K. Fields," an employee of the VA Office of General Counsel. Attached to the letter is the Federal Express delivery notice. The delivery notice shows that the appellant's EAJA application was addressed to "Clerk of Court, U.S. Court of Appeals for Veteran's [sic] Claims, 625 Indiana Avenue, Washington, DC 20004." This address lacks the suite number of the Court. A litigation group of the VA Office of General Counsel is also located at 625 Indiana Avenue, N.W., but at a different suite number. In the right-hand corner of the delivery notice is written "7/22 11:44 K. Fields."

The "EAJA is a waiver of sovereign immunity, and its jurisdictional provisions are to be strictly construed in the government's favor." *Nord v. Gober*, 10 Vet.App. 442, 443 (1997); *see also Bazalo v. West*, 150 F.3d 1380, 1383 (Fed.Cir.1998) ("We have unequivocally held that the thirty-day time limit for filing an EAJA application after final disposition of an adversary adjudication is a jurisdictional prerequisite to an award of attorney fees."). "A party seeking an award of fees and other expenses shall within thirty days of final judgment of the action, *submit* to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B) (emphasis added); *see also* U.S. VET.APP. R. 39(a). The Court has defined the term "submit" to mean "received by the Court within [thirty] days of final judgment." *See Nord*, 10 Vet.App. at 443 (quoting *Grivois v. Brown*, 7 Vet.App. 100, 101 (1994)). "The EAJA statute uses neither 'filed' nor 'received' when discussing EAJA applications." *See id.* A "'final judgment' means a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

According to Rule 41(b) of the Court's Rules of Practice and Procedure: "An order on consent dismissing or remanding a case will ... constitute the mandate" of the Court. Therefore, where the Court grants the parties' joint motion

for remand, the appellant "has only [thirty] days from the Court's entry of judgment in which to file his EAJA application." *Casola v. West*, No. 98–2179, 1999 WL 399671, at *1 (Vet.App. May 25, 1999) (per curiam order). In *Grivois*, the Court explained that "[t]he timely submission of an EAJA application is a jurisdictional prerequisite to governmental liability for attorney fees" and that "to timely 'submit' an EAJA application, it must be received by the Court within [thirty] days of final judgment." *Grivois*, 7 Vet.App. at 101 (citations omitted). This Court may not waive the thirty-day filing requirement. *See id.*

In this matter, the appellant's EAJA application was due July 26, 1999. Although he sent his application on July 21, 1999, via Federal Express, the Court did not receive his application until August 11, 1999. Therefore, the appellant's EAJA application was not submitted within the statutory thirty-day filing period. For that reason, the Court cannot consider the appellant's application for fees and expenses. *See Nord* and *Grivois*, both *supra*.

■ The appellant argues that the Court should accept his EAJA application because it was not received by the Court due to administrative oversight on the part of the VA Office of General Counsel, which allegedly did not notice that the package was addressed to the Clerk of the Court. However, even assuming equitable tolling of the filing period were permissible in this matter, *see e.g., Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998), it would not be applicable in this case. Here, the appellant entrusted Federal Express with the delivery of its EAJA application, but did not provide his agent with a complete address. The suite number of the Court was missing. The primary administrative error in this matter was committed by the appellant himself, and the appellant is responsible for the error committed by his agent. *Cf. id.* at 1365 (stating that equitable tolling was not available for garden variety claims of excusable neglect).

Based on the foregoing, it is

ORDERED that the appellant's EAJA application is DISMISSED for lack of jurisdiction.