# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-352

CATHERINE ROBERSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

Before the Court is the appellant's June 18, 2001, application and September 25, 2001, supplemental application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). In addition, before the panel is the issue of whether the Court should order sanctions against the Secretary in connection with his July 20, 2001, motion to dismiss for lack of jurisdiction the appellant's June 2001 EAJA application. For the reasons set forth below, the Court will grant the EAJA applications and also award the appellant reasonable attorney fees and expenses under the EAJA for her efforts in defending those applications, including the preparation of a January 14, 2002, reply. Moreover, the Court finds that the sanctions issue will be rendered moot as a result of the ensuing disposition in this order. *See Massey v. Brown*, 9 Vet.App. 134, 136 (1996) (per curiam order) (noting that Court will not address moot issue); *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994) (stating that where case becomes moot, Court is divested of jurisdiction to consider it); *see also Rife v. Brown*, 7 Vet.App. 340, 341 (1994) (per curiam order).

On March 22, 2001, by single-judge order, the Court vacated a November 30, 1998, decision of the Board of Veterans' Appeals and remanded the matters for readjudication. *Roberson v. Principi*, No. 99-352, 2001 WL 290189, at *3 (Vet. App. Mar. 22, 2001) (single-judge order) [hereinafter *Roberson I*]. Judgment was originally entered on April 13, 2001, and became final on June 12, 2001, pursuant to Rule 41(a) of the Court's Rules of Practice and Procedure (Rules). On May 9, 2001, the Secretary filed a motion for clarification and revision of the Court's March 22, 2001, order. On May 29, 2001, the appellant, through counsel, filed a memorandum in opposition to the Secretary's motion.

On June 18, 2001, the appellant filed, through counsel, an EAJA application seeking $9,149.08 in attorney fees and expenses. On July 20, 2001, the Secretary moved to dismiss for lack of subject-matter jurisdiction; he asserted that the appellant's EAJA application was untimely because it was not filed by May 14, 2001, within 30 days after the Court had issued its April 13, 2001, judgment in the case. Motion (Mot.) at 2-3. In a July 23, 2001, response in opposition to the motion to dismiss, the appellant argued that a timely fee application was filed within 30 days after

the judgment became final and that the Secretary "confuses the date of judgment with the date the judgment became final". EAJA Response (Resp.) at 2 (citing *Grivois v. Brown*, 7 Vet.App. 100, 101 (1994)).

On July 26, 2001, after reviewing the Secretary's May 9, 2001, motion for clarification and revision, the Court recalled the judgment entered on April 13, 2001; the Court determined that it did not have jurisdiction to consider that motion, but, sua sponte, amended the March 22, 2001, remand order by deleting all references that had been made in *Roberson I* to the appellant's accrued-benefits claim. Judgment was then reentered on July 26, 2001, and mandate was issued on August 10, 2001. On September 25, 2001, the appellant filed a supplemental EAJA application seeking an additional $1,215.61 in fees and expenses for time spent in preparing her (1) May 29, 2001, opposition to the Secretary's May 9, 2001, motion, (2) July 23, 2001, response to the Secretary's July 20, 2001, motion to dismiss, and (3) September 25, 2001, supplemental EAJA application.

In a December 4, 2001, order, the Court iterated the well-settled law that an EAJA application must be filed not later than 30 days after this Court's judgment becomes final under 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); the Court ruled that the appellant was thus required to file her EAJA application not later than July 12, 2001, and held, therefore, that her June 18, 2001, application was "timely filed" when it was filed (even without consideration of the judgment that was entered on July 26, 2001). *Roberson v. Principi*, No. 99-352, 2001 WL 1612512 (Vet. App. Dec. 4, 2001) (single-judge order) (citing *Jennings v. Brown*, 7 Vet.App. 201, 202-03 (1994), and U.S. VET. APP. R. 39(a)). Accordingly, the Court denied the Secretary's motion to dismiss. Subsequently, in response to the Court's December 2001 order, the parties filed a response and reply, respectively, addressing whether sanctions should be imposed on the Secretary in connection with his July 2001 motion to dismiss.

In the instant case, the Court need not decide whether the Secretary's conduct meets the standard for the imposition of sanctions, *see* 38 U.S.C. § 7265(a); *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed. Cir. 2001); U.S. VET. APP. R. 38, because that issue will become moot once the action ordered by this opinion is complete. *See generally Ebert v. Brown*, 4 Vet.App. 434, 437 (1993); *Jones (Joseph) v. Derwinski*, 1 Vet.App. 596, 607-08 (1991). First, the Court will grant the September 25, 2001, supplemental EAJA application as well as the June 18, 2001, initial application; the Secretary has "no objections to these applications and is prepared to pay the total amount of $10,364.69 sought in both [EAJA] applications". Secretary's Dec. 2001 Resp. at 1. Although the supplemental application would have been premature had it been filed after the November 9, 2001, effective date of November 1, 2001, revisions to Court Rule 39(b) (which require that supplemental EAJA applications not be filed until after the Court has granted the initial EAJA application), the Court will treat the September 25, 2001, supplementary application as timely filed and grant it because it was filed before that Rule was changed and is not opposed by the Secretary. *See McCormick v. Principi*, 16 Vet.App. 407, 415 (2002) (accepting for filing supplemental EAJA applications filed before Rule 39 change and before EAJA application was granted); *In Re: Rules 39, 41, and 42 of the Rules of Practice and Procedure*, Misc. Order No. 8-01 (Nov. 1, 2001) (en banc) (found at 15 Vet.App. CCCLX-XII) (amending, inter alia, U.S. VET. APP. R. 39, effective

November 9, 2001).

Furthermore, pursuant to *Fritz v. Principi*, the Court holds that the appellant is also entitled to attorney fees and expenses for the preparation of her January 14, 2002, reply to the Secretary's December 2001 response to the Court's December 2001 order. *Fritz*, 264 F.3d 1372, 1377 (Fed. Cir. 2001) (holding that, once established that EAJA fees were to be awarded, appellant "was entitled to attorney fees incurred throughout the litigation, including those incurred in preparation and defense of the fee application to the extent those fees are defensible") (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990)). *Cf. Jones (Joseph)*, 1 Vet.App. at 608 (ordering Secretary to pay as sanction at EAJA rates petitioner's expenses and reimbursement for "professional time invested" in preparing second extraordinary-relief petition).

Upon consideration of the foregoing, the appellant's June 2001 EAJA application and her September 2001 supplemental EAJA application in a total amount of $10,364.69 are GRANTED. It is further

ORDERED that the appellant will also be awarded under the EAJA reasonable attorney fees and expenses entailed in her counsel's efforts in preparing (1) the January 14, 2002, reply and (2) any second supplemental EAJA application filed to itemize the additional fees and expenses. *See Fritz*, *supra*. The appellant will file such a second supplemental EAJA application not later than 30 days after the date of this order. *See* U.S. VET. APP. R. 39(c). The Secretary will then have 30 days to respond to that application, and the appellant will have 30 days to reply to any response. *See* U.S. VET. APP. R. 39(c), (d). If the Secretary does not contest the amount sought in such a second supplemental EAJA application, the Clerk will grant that application.

DATED:  December 23, 2002                          PER CURIAM.

STEINBERG, *Judge*, concurring:  It would be well if the Secretary were not to view the disposition of this case as in any way vindicating the conduct of his representatives in this matter. Nothing put forth in the Secretary's December 13, 2001, response explains or justifies the failure to withdraw his totally unfounded July 20, 2001, motion to dismiss the appellant's EAJA application, despite three glaringly apparent opportunities to move for such withdrawal:  Following the appellant's July 23, 2001, reply; following the Court's August 10, 2001, issuance of its mandate; and following the appellant's filing of the September 25, 2001, supplemental EAJA application. I hope that those involved in this matter for the Secretary have taken all feasible steps over the last year to prevent repetition of this type of inexplicable activity.

3