Richard W. STROUTH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–648.

United States Court of Veterans Appeals.

Jan. 17, 1996.

Before MANKIN, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

The appellant, Richard W. Strouth, through his counsel, William C. Daniels, Jr., Esq., has filed an application for reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On May 10, 1995, the Court issued an order which entered judgment in this appeal favorable to the appellant. The order instructed the appellant that the judgment would become final 60 days after the date of the order and that his application for attorney fees and expenses, if any, would be due 30 days thereafter, which computes to August 8, 1995.

■ The appellant, through counsel, submitted his EAJA application on August 11, 1995, three days late. The timely submission of an EAJA application is a jurisdictional prerequisite and as such, the Court ordered the appellant to show cause why his application should not be dismissed as untimely. The appellant filed his response to the Court's order on September 13, 1995. He argues that pursuant to U.S. Vet.App.R. 26(a), the final judgment date should be extended to Monday, July 10, 1995, because the last day of the 60–day appeal period fell on a Sunday. According to the appellant's argument, the EAJA application would then be due 30 days from July 10, 1995, on August 9, 1995. Assuming, without deciding, that the appellant's contention is correct, an extension of the 60–day period by one day does not make the appellant's application timely. Even under the appellant's time frame, the appellant's August 11, 1995, submission of his EAJA application is two days late and thus not timely.

■ The appellant's counsel further alleges that he sought guidance from the office of the Clerk of the U.S. Court of Veterans Appeals as to when he would need to file his EAJA application. Counsel alleges that on August 7, 1995, he spoke with a person in the Clerk's office who instructed him that the 30–day time limit would begin to run from the Court's mandate date, July 12, 1995. The appellant, in effect, asks the Court to apply the doctrine of equitable estoppel and find that his EAJA application is timely. *See Jennings v. Brown*, 7 Vet.App. 201, 202–03 (1994) (holding that EAJA application was untimely when filed 30 days after issuance of mandate but more than 90 days after entry of judgment). The Court notes that if misleading advice was given to the appellant by an employee of the Court, this advice was directly counter to the express direction found in the May 10, 1995, order of the Court and signed by a judge of this Court. The May 10, 1995, order gave the appellant a clear way to calculate the time within which he needed to have his application filed. The order specified that the EAJA application had to be filed no later than 30 days after the 60–day period to appeal the underlying decision expired. Any deviation from this time frame was undertaken at the appellant's peril. *Grivois v. Brown*, 7 Vet.App. 100, 102 (1994). Hence, the allegedly misleading information given to the appellant provides no basis for awarding equitable relief in these circumstances. *Cf. Frazer v. Brown*, 6 Vet. App. 19, 23 (1993) (holding that the Court is precluded from awarding equitable relief because its jurisdictional limits are not subject to equitable or flexible extensions); *OPM v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (holding that erroneous advice given by a Government employee to a benefit claimant cannot estop the Government from denying payment of benefits not otherwise permitted by law).

■ According to 28 U.S.C. § 2412(d)(1)(B) "a party seeking an award of fees and other expenses [under the EAJA] shall, within thirty days of *final judgment* of the action, submit to the court an application

for fees and other expenses." (Emphasis added.) An entry of judgment by this Court triggers the 60–day period to appeal the decision to the U.S. Court of Appeals for the Federal Circuit. *See* Rule 4, Federal Rules of Appellate Procedure. If no appeal is filed within the 60–day period, the judgment of the Court becomes final. *See* 38 U.S.C. § 7291(a). Unless there is an order on consent remanding a case under U.S. Vet.App.R. 41(b), the 30–day period to file an EAJA application with the Court begins to run when the judgment becomes final and not when the Court issues its mandate. *See* 28 U.S.C. § 2412(d)(1)(B). Finality is not delayed until the Court issues its mandate, but is instead measured as 60 days after the date stamped on the judgment. *See Shalala v. Schaefer,* 509 U.S. 292, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Stillwell v. Brown,* 6 Vet.App. 291, 300 (1994). The issuance of mandate is a ministerial function which is irrelevant to the timeliness of the EAJA application in this case. The 30–day filing deadline is strictly enforced and the appellant's failure to submit an EAJA application within this 30–day time constraint precludes the Court on the facts of this case from considering the merits of the fee application. *See Jennings, supra; Grivois,* 7 Vet. App. at 101.

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for reasonable attorney fees and expenses is DISMISSED.