# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1789

MARY L. PARDUE, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

In a single-judge decision dated February 8, 1999, the Court affirmed a June 27, 1997, decision of the Board of Veterans' Appeals (BVA or Board), which determined that no clear and unmistakable error (CUE) had occurred in August 1972 and November 1974 VA regional office (RO) decisions. The appellant had asserted CUE in the 1972 and 1974 RO decisions as the basis for her claim for enhanced dependency and indemnity compensation (DIC) pursuant to 38 U.S.C. § 1311(a)(2). Although the Court affirmed the Board's CUE determinations, the Court further determined that the appellant was entitled to adjudication of her claim for enhanced DIC using an alternative factual analysis, and remanded the matter to the Board. *See Hix v. West*, 12 Vet.App. 138 (1999), *aff'd sub nom. Hix v. Gober*, 225 F.3d 1377 (Fed. Cir. 2000).

Following the Court's February 8, 1999, decision, the Secretary appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), where the case was consolidated with *Hix, supra*. The Secretary asserted there that the remands in this case and in *Hix* were based on an improper interpretation and application by the Court of 38 U.S.C. § 1311(a)(2). The appellant did not appeal the Court's affirmance of the Board's determinations regarding CUE. The Federal Circuit affirmed the Court's determinations with respect to 38 U.S.C. § 1311(a)(2). *Hix, supra*. The Federal Circuit issued mandate for its decision in the instant case on November 13, 2000.

Also on November 13, 2000, the Court issued *In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet. App. Misc. Order No. 4-00 (Nov. 13, 2000) (en banc) (hereinafter Miscellaneous Order 4-00). In part, Miscellaneous Order 4-00 required that the Clerk of the Court recall judgment for decisions by the Court, entered as of November 9, 2000 (the date of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA)), that affirmed, in whole or in part, Board decisions "if judgment has been entered but has not become final under 38 U.S.C. § 7291 and no appeal or petition is pending before a superior tribunal."

In the instant case, an appeal had been taken from the remand part of the Court's February 1999 decision, but not from the part that had affirmed the Board's determinations regarding CUE. Section 7291 provides that, when a notice of appeal is filed concerning "[a] decision of the [Court]," finality of that "decision" is, in effect, tolled. Pursuant to the provision of Miscellaneous Order 4-00 requiring recall of judgment for certain affirmed matters, after the Federal Circuit decided the matter on appeal in this case, the Clerk issued an order on January 4, 2001, the full text of which follows:

> The enactment of the [VCAA] may affect the disposition of many appeals under the Court's jurisdiction. Accordingly, it is ORDERED that the judgment entered on March 2, 1999, is recalled as to the affirmed issue or issues. This order does not affect any remanded issue or issues.

Following the recall of judgment, the appellant, on April 6, 2001, filed a motion for remand, asserting that remand is required regarding the CUE matters in light of the enactment of the VCAA. As noted above, the appellant did not file a timely appeal from the Court's affirmance of the Board regarding the CUE matters. The appeal from the Court's February 1999 decision in this case, taken by the Secretary, concerned the interpretation of a statute, 38 U.S.C. § 1311(a)(2). The Court's affirmance of the Board's decision with respect to CUE was thus not affected by that appeal, and recall of judgment regarding the affirmed issue was inconsistent with the meaning of "final decision" under 38 U.S.C. § 7291.

Under Rule 41(a) of the Court's Rules of Practice and Procedure (Rules), judgment as to any unappealed Court decision becomes final by the operation of the passage of time, that is, 60 days from the date of entry of judgment. A formal entry of mandate by the Clerk of the Court is not required. This has previously been the holding of the Court with respect to the finality of a decision for purposes of determining the timeliness of an application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA). *Strouth v. Brown*, 8 Vet.App. 502, 504 (1996). The Court now applies the holding in *Strouth*, and reiterates that "issuance of mandate is a ministerial function." *Id*.

Accordingly, pursuant to Rule 41(a), issuance of mandate for the affirmed CUE matters should have occurred 60 days after the date of entry of judgment, which was March 2, 1999, no appeal to the Federal Circuit having been filed by May 1, 1999. The March 2, 1999, judgment in this case became "final" by operation of law on May 1, 1999, as to the unappealed, affirmed CUE determinations. The Court's judgment as to the CUE matters was not subject to the provisions of Miscellaneous Order 4-00, which directed the recall of only those judgments that had not become final. The Court's order of January 4, 2001, in this case was of no effect. Judgment could not be recalled because, as of May 1, 1999, the Court no longer had jurisdiction over the prior appeal in this case. The result is that the appellant's April 6, 2001, motion to remand with respect to CUE must be dismissed for lack of jurisdiction.

Finally, the Court notes that the Board is required to proceed expeditiously in addressing matters remanded by the Court. *See* Veterans Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997). With no indication that an appeal from the Federal Circuit's decision was timely initiated, the Board should be actively addressing the appellant's claim consistent with this Court's February 1999 remand decision, as affirmed by the Federal Circuit, if the Board has not already done so. This order does nothing to interfere with the disposition in favor of the appellant; it resolves a dangling matter, and restores the case to the status quo ante.

Upon consideration of the foregoing, it is

ORDERED that the Court's January 4, 2001, order in this case is revoked because the Court had no jurisdiction over the affirmed matters beyond May 1, 1999. It is further

ORDERED that the appellant's motion for remand is dismissed for lack of jurisdiction .

The Clerk will issue a notice of mandate that the Court's judgment as to its February 8, 1999, memorandum decision affirming the June 27, 1997, BVA determinations regarding CUE became final on May 1, 1999.

DATED: July 17, 2001                                             PER CURIAM.