# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1271

PAUL E. LUYSTER, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and HOLDAWAY, *Judges.*

## O R D E R

Before the Court is the appellant's March 14, 2001, application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On April 12, 2001, the Secretary filed a response, urging the Court to deny an award of fees because the appellant is not a prevailing party and because the position of the Secretary was substantially justified. The appellant filed a reply on June 13, 2001, arguing that he is a prevailing party, and that the Secretary failed to demonstrate that his administrative position was substantially justified. On September 4, 2001, noting that an EAJA application must be filed within 30 days after this Court's judgment becomes final, *see* 28 U.S.C. § 2412(d)(1)(B), the Court, sua sponte, ordered the appellant to show cause why the application should not be dismissed for lack of jurisdiction. The appellant filed a response on November 19, 2001, to which the Secretary has not replied. For the reasons that follow, the Court will not dismiss the EAJA application for lack of jurisdiction, but will nevertheless deny the application.

On November 20, 2000, the Court vacated the May 5, 1999, Board of Veterans' Appeals (Board) decision that had denied, as not well grounded, the appellant's claim for service connection for a bilateral eye disability, and remanded the matter for readjudication. *Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). The purpose of the Court's remand was to provide the Board with an opportunity to readjudicate the appellant's claim in light of the November 9, 2000, enactment of the Veteran's Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), which, inter alia, amended 38 U.S.C. § 5107 to eliminate the well-grounded-claim requirement. *See generally Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991) (when law or regulation changes after claim has been submitted but before administrative or judicial appeal process has been concluded, law more favorable to plaintiff must be applied). The Court entered judgment on December 13, 2000, and the appellant filed his EAJA application on March 14, 2001.

I. Timeliness of the EAJA Application

As noted above, an application for EAJA fees and expenses must be submitted to the Court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). In this matter, judgment was entered on December 13, 2000. Generally, judgment becomes final in this Court 60 days after the entry of judgment. *See* 38 U.S.C. §§ 7291(a), 7292(a). The 60th day after the entry of judgment was February 11, 2001. However, February 11, 2001, was a Sunday and the Court did not issue its mandate until Tuesday, February 13, 2001. The 30th day after February 11, 2001, was March 13, 2001. Therefore, if judgment in this matter became final on February 11, 2001, the appellant's EAJA application, filed on March 14, 2001, would be untimely; if judgment was final on February 12 or 13, however, the application would be timely. Accordingly, the Court must determine whether the 30 days to file an EAJA application in this matter began to run on (1) February 11, 2001 (a Sunday); (2) February 12, 2001 (the following Monday); or (3) February 13, 2001 (Tuesday, the date the Court issued its mandate).

This Court has held that "[t]he issuance of mandate is a ministerial function which is irrelevant to the timeliness of the [filing of an] EAJA application." *Strouth v. Brown*, 8 Vet.App. 502, 504 (1996) (per curiam order). In *Strouth*, the Court made clear that "the 30-day period to file an EAJA application with the Court begins to run when the judgment becomes final and not when the Court issues its mandate." *Id.* Accordingly, the start of the 30-day period in this case could not have been delayed until February 13, 2001 (the date the Court issued its mandate).

In *Strouth*, the 60th day after judgment was entered also fell on a Sunday. The appellant there argued that the 30-day period to file his EAJA application did not begin to run until the following Monday. In that case, however, even if the 30-days had begun on the following Monday, the application would still have been untimely. The Court, therefore, never reached that issue. *Strouth, supra*. In this matter, however, as noted above, if the 30-days began to run on Monday, February 12, the appellant's application would be timely.

At the time the appellant filed his EAJA application in this matter, Rule 39(a) of this Court's Rules of Practice and Procedure (Rules) provided, in pertinent part: "An application pursuant to 28 U.S.C. § 2412 for award of attorney fees and other expenses in connection with an appeal must be filed with the Clerk within 30 days after this Court's judgment becomes final. See also 28 U.S.C. § 2412(d)(2)(G) and 38 U.S.C. § 7291(a)." Both the EAJA statute and this Court's Rules make clear that the time period to file an EAJA application is triggered by the finality of a judgment. *See* 28 U.S.C. § 2412(d)(1)(B); U.S. Vet. App. R. 39(a); *see also Strouth, supra*. Section 2412(d)(2)(G) of title 28 defines "final judgment" as "a judgment that is final and not appealable." Section 7291 of title 38 mandates when a decision of this Court becomes final. A decision of this Court "shall become final upon the expiration of the time allowed for filing, under section 7292 of [title 38], a notice of appeal [NOA] from such decision." 38 U.S.C. § 7291(a). Pursuant to section 7292, an appeal from a decision of this Court "shall be obtained by filing [an NOA] with [this Court] within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." 38 U.S.C. § 7292(a). Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, when the United States or its officer or agency is a party to an action, an NOA to U.S. courts of appeals from U.S. district courts must be filed "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). Thus, if no NOA is filed, a judgment of this

Court (where the United States is always a party) becomes final 60 days after this Court enters judgment.

Rule 26(a) of this Court's Rules governs the computation of time periods "set by [this Court's] rules, or by a Court order, or by a statute." U.S. VET. APP. R. 26(a). Rule 26(a) states that when the last day of the period is a Saturday, Sunday, legal holiday, or a day when the Clerk's Office is closed, that day is not included in the computation of such time periods. Pursuant to Rule 26(a) of the Federal Rules of Appellate Procedure, when computing "any period of time specified in [the Federal Rules of Appellate Procedure] or in any local rule, court order, or applicable statute," and pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, when computing "any period of time prescribed or allowed by [the Federal Rules of Civil Procedure], or by the local rules of any district court, by order of court, or by any applicable statute," Saturdays, Sundays, and legal holidays are also excluded if the last day falls on one of those days.

The finality of a judgment is determined according to when the decision is no longer appealable. 38 U.S.C. § 7291(a). If the last day for filing an NOA from a decision of this Court (i.e., the 60th day after the Court enters judgment) falls on a Saturday, Sunday, or legal holiday, the appellant may still file his or her NOA on the following Monday (or the day after the holiday). *See* U.S. VET. APP. R. 26(a); FED. R. APP. P. 26(a). Accordingly, because judgment does not become final until the time for filing an NOA has expired, *see* 38 U.S.C. § 7291(a), if the last day to file an appeal is a Saturday, Sunday, or legal holiday, judgment does not become final until the following Monday (or the day after the holiday).

In this matter, judgment was entered on December 13, 2000. The 60th day after the entry of judgment was February 11, 2001, a Sunday. Thus, the time to file an NOA did not expire until Monday, February 12, 2001. No NOA was filed, and judgment therefore became final on that date. Accordingly, we conclude that the 30-day time period to file an EAJA application in this matter began to run on Monday, February 12, 2001, and that the appellant's March 14, 2001, EAJA application is timely.

In *Pardue v. Principi*, this Court held, applying *Strouth*, that a March 2, 1999, judgment of this Court became final by operation of law on May 1, 1999. *Pardue*, 15 Vet.App. 120, 122 (2001) (per curiam order). May 1, 1999, was a Saturday. The issue presented in *Pardue*, however, was not the timeliness of an EAJA application; nor was the exact date of final judgment of consequence in that case. We therefore find nothing in the *Pardue* opinion that precludes our holding today.

Finally, the Court notes that our holding today is consistent with the recent revision of Rule 39(a). On November 1, 2001, the Court amended Rule 39(a) by removing the citations to 28 U.S.C. § 2412(d)(2)(G) and 38 U.S.C. § 7291 and specifying that a judgment of this Court becomes final "60 days after the entry of judgment." *In re: Rules 39, 41, and 42 of the Rules of Practice and Procedure*, Misc. No. 8-01 (Nov. 1, 2001). The computation of "60 days after the entry of judgement," like any other "time period set by [the Court's Rules]" is governed by Rule 26(a). Thus, even under the new Rule 39(a), if the 60th day falls on a Saturday, Sunday, legal holiday, or a day when the Clerk's office is closed, that day is not counted in the computation. U.S. VET. APP. R.

26(a)(1).  Accordingly, the appellant's EAJA application would be timely under the new Rule 39(a) as well.

## II.  Merits of the EAJA Application

In order to be eligible for fees pursuant to EAJA, an applicant must be a "prevailing party." 28 U.S.C. § 2412(d)(1)(A).  The Secretary argues that the appellant is not a prevailing party for EAJA purposes because "the remand ordered here was the result of the newly enacted legislation found in the VCAA."  Secretary's Response at 4.

In *Vaughn v. Principi*, this Court held that an appellant cannot achieve prevailing-party status based upon obtaining a remand solely for readjudication in light of the enactment of the VCAA.  15 Vet.App. 277, 280 (2001) (per curiam order); *see also Buckhannon Bd. & Care Home v. W.Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) (defining "prevailing party" as requiring that the applicant obtain some form of "judicially sanctioned change in the legal relationship of the parties"); *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc) (holding that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error"); *Thayer v. Principi*, 15 Vet.App. 204 (2001) (applying in EAJA context *Buckhannon* definition of "prevailing party" to preclude use of "catalyst theory" to show EAJA eligibility in this Court).

The remand ordered by the Court in this matter was based solely upon the change in law brought about by the VCAA.  Accordingly, pursuant to *Vaughn, supra*, the appellant is not a prevailing party in this matter and his EAJA application must be denied.

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for fees and expenses pursuant to EAJA is DENIED.


DATED:  May 2, 2002                              PER CURIAM.