Neil S. MASSEY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–135.

United States Court of Veterans Appeals.

May 6, 1996.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG Judges.

**ORDER**

PER CURIAM.

On March 24, 1995, Neil S. Massey, through counsel, filed an application for attorneys fees and expenses under the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412(d); U.S. Vet.App. R. 39(b). After oral argument the appellant sought sanctions based on argument on behalf of the Secretary suggesting that counsel was not acting in his client's best interests because of an institutional conflict of interest. For the reasons set forth below, the Court will dismiss the appellant's EAJA application and deny sanctions.

On October 28, 1992, the Board of Veterans' Appeals (BVA or Board) denied the appellant's claim for an increased disability rating for a service-connected neurosis disorder. The appellant then filed a timely appeal to this Court.

On appeal to this Court, the Secretary confessed error and argued for a remand because the BVA failed to provide an adequate statement of reasons or bases for its decision. *Massey v. Brown,* 7 Vet.App. 204, 208 (1994). In the alternative, the Secretary argued that, notwithstanding the confessed error, the BVA decision should be affirmed in view of all of the evidence in the record. *Ibid.* The appellant, however, argued that the BVA's "decision should be *reversed* because the relevant evidence in the record indicates that he is entitled to a 30% disability rating under the benefit of the doubt rule in 38 U.S.C. § 5107(b)." *Id.* at 206 (emphasis added). The appellant averred that the Secretary's confession of error and suggestion of remedy in a form not presented by the appellant is an inappropriate expansion of the issues. *Id.* at 208.

On December 6, 1994, the Court remanded this case to the BVA and stated that the BVA had committed a clear error of law when it adjudicated the appellant's claim using factors that were not contained in the relevant diagnostic code. The Court held that a remand was the appropriate remedy because this error prevented the Court from reviewing whether the BVA had properly rejected the benefit of the doubt analysis. *Id.* at 208–09. The Court also expressly rejected the appellant's argument with respect to the ability of the Court to entertain confession of error by the Secretary on a point not raised by the appellant. The Court recognized that the appellant's argument concerning this issue was the same that was "briefed in *Johnson v. Brown,* 7 Vet.App. 95 (1994), where the appellant's counsel was the same as here." *Massey,* 7 Vet.App. at 208–09. The opinion in *Johnson,* which rejected this argument, was issued on September 28, 1994, a month after the instant case was argued.

On March 24, 1995, counsel for the appellant filed a timely EAJA application seeking fees for this litigation in the amount of $6,984.22 and expenses in the amount of $1,130.34. In response to this EAJA application, the Secretary asserted that EAJA fees are not warranted because the government's position was substantially justified, and in the alternative the Secretary argued that there are special circumstances in this case

which would make an EAJA award unjust. On January 31, 1996, oral argument was held, and on February 1, 1996, the appellant's counsel, with permission from the Court, filed supplements to the EAJA application. In addition to adjusting the amount of fees and expenses sought to $10,334.86, the appellant's counsel also requested that the Court impose sanctions on the Secretary for inappropriate conduct before the Court.

On February 6, 1996, the Secretary filed a response to the appellant's supplemental application. In this response, and in a subsequent errata, the Secretary informed the Court that he had offered payment of $10,-334.86, the total amount sought by the appellant, but that the appellant's counsel had declined the offer. In this response, the Secretary included a letter from Stephen L. Purcell, Esq., of the Disabled American Veterans (DAV), which summarized the appellant's counsel's position in the following manner: "In light of the serious nature of the allegations made by the Secretary, and the lack of any justification or support for these allegations, we believe it is best to allow the Court to decide whether sanctions, in addition to attorney fees and expenses, should be awarded in this case." Finally, on March 25, 1996, counsel for the appellant filed a motion for leave to amend the supplemental EAJA application, requesting that if the Court orders a fee award, the Secretary should make the check payable to the DAV National Service Foundation and not directly to the DAV.

The Secretary argues that the EAJA issue in this case no longer warrants discussion because the Secretary is offering to pay the total amount of fees sought by the appellant. In the past, this Court would routinely dismiss an EAJA application as moot when the parties reached a settlement agreement. See generally Dofflemyer v. Brown, 4 Vet.App. 339 (1993); see also Bond v. Derwinski, 2 Vet.App. 376, 377 (1992) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction"). However, this particular case is novel because the appellant's counsel wants monetary sanctions added to the award.

Although the Secretary is correct that there is no case or controversy with respect to the EAJA application, (the amount offered equals the amount of fees requested) there is a controversy with respect to the issue whether to impose sanctions. Accordingly, we deem the two claims separate and the only issue remaining for the Court to decide is whether the Secretary's conduct in this litigation warrants an imposition of sanctions by the Court.

In Jones (Joseph) v. Derwinski, 1 Vet.App. 596, 606–07 (1991), the Court held that it has both the statutory authority and the inherent power vested in all federal courts to impose sanctions under certain circumstances against parties that appear before the Court. See 38 U.S.C. § 7265; Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 2135–36, 115 L.Ed.2d 27 (1991). In exercising this authority to impose sanctions, the Court stated that it must be mindful of two principles. Jones, 1 Vet.App. at 607. First, the Court stated that this power to sanction " 'must be exercised with restraint and discretion.' " Ibid. (quoting Chambers, supra). Second, the Court noted that "[i]n addition to exercising restraint and discretion, a court considering sanctions, whether based on inherent or express statutory authority, must take care to determine that the conduct at issue actually abused the judicial process." Ibid. (citing Roadway Express, Inc., v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980)).

Here, the conduct in question was that part of the Secretary's argument which addressed whether the appellant should receive EAJA fees. During oral argument the Deputy Assistant General Counsel suggested that the conduct of the appellant's counsel, who is employed by the DAV, in the underlying litigation of this case, did not further the client's best interest. Rather, the Deputy Assistant General Counsel suggested that the appellant's counsel was furthering some institutional agenda on behalf of the DAV. The Court recognizes that this is a serious accusation which was made without a factual basis and in an inappropriate forum. However, the Court, being mindful of its duty to exercise restraint when deciding whether to

impose sanctions in a particular instance, will not impose sanctions in this instance. *Jones,* 1 Vet.App. at 607.

Accordingly, upon consideration of the forgoing it is

ORDERED that the appellant's motion for leave to amend the supplemental EAJA application is GRANTED. It is further

ORDERED that the appellant's EAJA application is DISMISSED for lack of jurisdiction because there is no case or controversy. It is further

ORDERED that the appellant's request for sanctions is DENIED.

NEBEKER, Chief Judge, concurring:

I concur in the order of the Court. I write separately to express the hope that the General Counsel, who represents the Secretary in all matters before the Court, will take steps to ensure that the type of argument which the Court witnessed in this appeal will not be repeated in the future. The issue before the Court was whether the appellant should receive an attorney's fee under the Equal Access to Justice Act (EAJA). In apparently seeking to persuade the Court to deny or reduce the award of attorney's fees on the ground that some of the points originally raised by counsel for appellant during the substantive phase were meritless, the Deputy Assistant General Counsel stated:

> In our view, this case represents an instance in which the individual client's interest was subordinated to counsel's interest in securing resolution of the general cause. In viewing this case, it is clear that, by attacking the rating schedule, and by arguing that this Court did not have the authority to remand cases where the Secretary confesses error and suggests remand, that there be [sic] ramifications well beyond this individual client and it would not benefit this client. In fact, all he did was prolong this litigation for an additional year.

Subsequently, in response to a question, the Deputy Assistant General Counsel again asserted that it is "our view of the case" that the appellant's counsel was "following an agenda to attack this rating schedule and to attack the Court's jurisdiction to remand the case" and that "his client was not served by the continuation of the arguments. . . ." .

It appears from these statements that counsel was asserting a calculated position on behalf of the Secretary, not one merely resorted to on the spur of the moment, but, in either event, it was most unfortunate. An accusation of a conflict of interest between opposing counsel and his client is a serious one. As such, it must be based on precise facts and not on surmise born of an opposing advocate's position on the merits of a matter in litigation. Where a lawyer knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to fitness to practice law, such information shall be reported to the appropriate authority. *See* MODEL RULES OF PROFESSIONAL CONDUCT, Rule 8.3 (1994) (adopted by this Court's order of August 1, 1992, to include future amendments unless expressly rejected).

> This Rule limits the reporting obligation to those offenses that a self-regulating profession must vigorously endeavor to prevent. A measure of judgment is, therefore, required in complying with the provisions of this Rule. The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware. A report should be made to the bar disciplinary agency unless some other agency, such as a peer review agency, is more appropriate in the circumstances.

MODEL RULES OF PROFESSIONAL CONDUCT, Rule 8.3 cmt. (1994). Counsel are reminded that a panel of this Court considering the merits of a matter during oral argument is not the appropriate authority contemplated by the Rule.

Appellant's counsel, who is employed by the Disabled American Veterans to represent veterans in claims matters, has appeared in many cases before the Court. There is nothing in the record of this appeal or any other which would lend even a shred of support to the statements of the Deputy Assistant General Counsel. However, an award of sanctions would make the discipline a matter of dollars which, under these circumstances,

would miss the point. In my view, it is better to invite the General Counsel's attention to the futility and harm inherent in such an argument in the hope that the Secretary's appellate attorneys will profit from the exercise.

STEINBERG, Judge, concurring in part and dissenting in part:

I join in the judgment of the Court in dismissing (for lack of case or controversy) the EAJA application and denying the request for sanctions. I vote to deny sanctions because I believe the proper course is issuance of a show cause order by the panel to counsel for the Secretary as to why the matter of his conduct should not be referred to the Court's Committee on Admission and Practice, pursuant to Rule 2(d)(1) of the Court's Rules of Admission and Practice, for investigation, review, and report. I join in calling to the attention of counsel that a matter of professional conduct is most appropriately directed to the Court not as part of a case but as part of a grievance pursuant to that Rule. To the extent that the Court is not issuing a Rule 2(d)(1) show-cause order I respectfully dissent.

In reflecting on this highly regrettable matter, it occurs to me that counsel for the Secretary has had ample opportunity either to provide substantiation for his allegations regarding appellant's counsel or to retract those allegations. I am at a loss to understand why he has done neither.