# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-106

RAYMOND GALLEGOS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

This matter is before the Court on the parties' joint motion (received on September 19 and filed on December 9, 2002) for remand of the case. Motion (Mot.) at 2-3, 6.

The underlying facts of this case are set forth in the Court's prior decision in this case, *Gallegos v. Gober*, 14 Vet.App. 50, 51-52 (2000), *rev'd*, 283 F.3d 1309, 1315 (Fed. Cir. 2002), and we will not reiterate them here. In its August 11, 2000, opinion, the Court reversed a December 9, 1998, Board of Veterans' Appeals (Board or BVA) decision that had denied an earlier effective date for an award of Department of Veterans Affairs (VA) service connection for the appellant's post-traumatic stress disorder (PTSD) (Record (R.) at 9). *Gallegos*, 14 Vet.App. at 58. The Board had ruled that the appellant had not filed a timely Notice of Disagreement (NOD) as to a September 1994 decision of a VA regional office (RO) that had denied such service connection (R. at 222-24), thereby rendering that VARO decision final. *Gallegos*, 14 Vet.App. at 52. The Court ruled that an October 1994 letter (R. at 228) to the RO from the appellant's representative, the Disabled American Veterans (DAV), was an NOD and, in effect, based on the record before the Court, that the 1994 RO decision was thus still open. *Gallegos*, 14 Vet.App. at 53, 58. As the basis for its ruling, the Court held that a VA regulation, 38 C.F.R. § 20.201 (2000), was invalid because it conflicted with the applicable statute, 38 U.S.C. § 7105(b)(1), (b)(2), and (d), "insofar as § 20.201 may be interpreted as adding a requirement of an expression of a desire for **BVA** review". *Gallegos*, 14 Vet.App. at 57; *see* Mot. at 1 (so characterizing our holding).

On March 15, 2002, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reversed our decision and remanded the matter to our Court. As described in the pending joint motion:

> The Federal Circuit held that this Court had "erred when it invalidated § 20.201 with regard to the requirement that an NOD contain 'terms that can be reasonably construed as . . . a desire for appellate review,'" and remanded the matter for the Court to determine the question

"whether Mr. Gallegos's 1994 DAV letter constitutes a valid NOD under § 20.201." *Gallegos*, 283 F.3d at 1315.

Mot. at 2. Following the Federal Circuit's decision, the Court ordered, on July 12, 2002, supplemental briefing on the issue whether the 1994 DAV letter constituted a valid NOD under § 20.201. The appellant filed a supplemental response on August 5, 2002, but, before the Secretary filed his response, the parties filed their joint motion urging the Court to vacate the December 1998 Board decision in order "to allow the Board to readjudicate [the a]ppellant's claim and provide an adequate statement of reasons or bases . . . [as to] whether the October 1994 DAV letter should have been construed as a claim to reopen or a new claim for service connection for PTSD." Mot. at 2-4. In light of the parties' agreement in their joint motion that, because a remand is required based on an inadequate BVA statement of reasons or bases, "it is premature to address the Court's question regarding whether the 1994 DAV letter is an NOD under § 20.201", Mot. at 2, the Court will interpose no objection to the remand jointly proposed. *See Massey v. Brown*, 9 Vet.App. 134, 136 (1996) (per curiam order) (noting that Court will not address moot issue); *see also Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (dismissing portion of petition seeking mandamus relief because controversy surrounding petition was moot).

Accordingly, the Court will grant the parties' joint motion and vacate the December 1998 Board decision and remand the matter for expeditious further development and issuance of a readjudicated decision supported by an adequate statement of reasons or bases, *see* 38 U.S.C. §§ 1110, 7104(a), (d)(1); 38 U.S.C. §§ 5103(a), 5103A, 5106, 5107; 38 C.F.R. §§ 3.156, 3.159 (2002); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991), all consistent with this order and in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court) [hereinafter VBIA § 302]; *see Vargas-Gonzalez v. Principi*, 15 Vet.App. 222, 230 (2001) (holding that VBIA § 302 applies to all elements of a claim remanded by Court or Board), and with all applicable law and regulation. *See Allday v. Brown*, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order) (concluding that an appellant is entitled, until 90 days after Board mails postremand notice to appellant, to submit additional evidence and argument or to request hearing on appeal, at which appellant may submit new evidence), and all applicable law and regulation. A remand by this Court or by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West*, 11 Vet.App. 268, 271 (1998). A final decision by the Board following this remand will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the Board's new final decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998).

On consideration of the foregoing, it is

ORDERED that the December 9, 2002, joint motion, which is incorporated by reference into this order, is granted, and the December 1998 Board decision is VACATED and the matter REMANDED for readjudication consistent with the provisions of this order and that joint motion.

DATED:      January 24, 2003                                 PER CURIAM.


STEINBERG, *Judge*, concurring: I join in the Court's order granting the parties' joint motion for remand.[1]  However, I would find that the 1994 Disabled American Veterans (DAV) letter satisfied the requirements of 38 C.F.R. § 20.201 (2002) for being a Notice of Disagreement (NOD) insofar as having been written "in terms which can be reasonably construed as [expressing] disagreement . . . and a desire for appellate review", because that letter requested "[f]urther development, i.e., review of" evidence regarding verification of stressors cited by the appellant in connection with his post-traumatic stress disorder service-connection claim.

As we indicated in our opinion in *Gallegos v. Gober*, both 38 U.S.C. § 7105 and the applicable Department of Veterans Affairs (VA) regulation contemplate that after an NOD is filed, the next step is review by the VA regional office (RO) that denied the claim, and that review is followed by the VARO's issuance of a Statement of the Case (SOC) or a Supplemental SOC if the disagreement is not resolved by the RO.  *Gallegos*, 14 Vet.App. 50, 55-56 (2000).  There is no requirement for Board of Veterans' Appeals (BVA) review at that point.  Rather, BVA review occurs only after the claimant files a Substantive Appeal, *see* 38 C.F.R. § 20.200 (2002).  Hence, any notion of a claimant's having to desire BVA review at the NOD stage is totally premature.  It is only at the Substantive Appeal stage that the claimant is expressing a desire for **BVA** review, *see* 38 C.F.R. § 20.202 (2002).  *Ibid*.

In this respect, Judge Gajarsa, in his dissenting opinion, most aptly concluded:

> In various subsections of § 7105, Congress has given several clear statements concerning the role of a[n] NOD in the process Congress specified whereby a claimant initiates appellate review. Tellingly, the majority does not discuss these portions of § 7105. These provisions describe a multi-step process . . . .
>
> . . . .
>
> Given the various clear indications in § 7105 that Congress envisioned a multi-step process, with expression of a desire for appellate review being the last step and filing a[n] NOD being the

---

[1] It appears that the appellant has agreed to abandon – at least temporarily – pursuit of the effective date that might be obtained under 38 U.S.C. § 5110(a) if the 1994 Disabled American Veterans letter were to be found to be a Notice of Disagreement.

> first, []VA's regulation is not "consistent" with § 7105. []VA's regulation merges the first and last step, contrary to the sequence prescribed, and mak[es] the [SOC] superfluous. In essence, [] VA's regulation violates both § 7105 and § 501 because Congress' intent is clear and no *Chevron*[ *U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984),] deference should be afforded the regulation.

*Gallegos v. Principi*, 283 F.3d 1309, 1316, 1318 (Fed. Cir. 2002) (Gajarsa, J., dissenting) (footnotes omitted).

Moreover, it is not at all clear that the majority view in *Gallegos* commands the support of a majority of all of the judges of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). In its en banc opinion in *Cook v. Principi*, that court recently outlined the process for seeking VA benefits. The court there described the NOD as follows:

> A veteran may appeal an adverse RO decision to the Board [of Veterans' Appeals]. Appellate review is initiated by the veteran filing [an NOD] with [] VA. *See* U.S.C. § 7105(a). The NOD is a written communication from the veteran expressing dissatisfaction or disagreement with an adjudicative decision of [] VA. *See* 38 C.F.R. § 20.201; *Collaro v. West*, 136 F.3d 1304, 1308 (Fed. Cir. 1998) (explaining that disagreement between [] VA and the veteran over legal entitlement to a particular benefit may form the basis of an NOD).

*Cook*, __ F.3d __, __, No. 00-7171, slip op. at 10, 2002 WL 31845576, at *5 (Fed. Cir. Dec. 20, 2002) (en banc). Although *Gallegos* was finally decided shortly before *Cook*, the court in *Cook* makes no reference (even while citing to the regulation in question) to any expression of a desire for appellate review or BVA review as a necessary component of an NOD.

Furthermore, only three days before *Cook* was issued, the Federal Circuit stressed again, as it has previously in numerous opinions, the pro-claimant nature of the VA adjudication process and went to great lengths to provide procedural relief to a claimant "who relied on the non-adversarial and pro-claimant character of the veterans' benefits system and ***pursued his statutory entitlements without the assistance of legal counsel***". *Santana-Venegas v. Principi*, __ F.3d __, __, No. 99-7193, slip op. at 7-8, 2002 WL 31828881, at *4 (Fed. Cir. Dec. 17, 2002) (emphasis added). Only three months earlier a unanimous en banc opinion stressed that "[w]hen a claim for benefits is before [VA], either at the VARO or before the BVA, the relationship between the veteran and the government is non-adversarial and proclaimant[,] . . . [and] veterans often act *pro se* or are assisted by a veterans' service organization." *Jaquay v. Principi*, 304 F.3d 1276, 1282 (Fed. Cir. 2002) (en banc). The Court went on to hold there: "In the context of the non-adversarial, paternalistic, uniquely pro-claimant veterans' compensation system[,] . . . the availability of equitable tolling . . .

should be interpreted liberally with respect to filings during the non-adversarial stage of the veterans' benefits process." *Id.* at 1286.[2] Application of these same principles to the issue decided in *Gallegos* would lead to a conclusion contrary to the one reached by the Federal Circuit regarding the elements of an administrative appeal within that VA process.

Finally, regarding the viability of the Federal Circuit's *Gallegos* opinion, that court sustained on November 21, 2002, this Court's interpretation regarding section 7105 after articulating the following standard for reviewing our Court's interpretation of regulations: "We will uphold the court's [(U.S. Court of Appeals for Veterans Claims')] interpretation of regulations unless we find it to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' 38 U.S.C. § 7292(d)(1)(A) (2000)." *Herndon v. Principi*, 311 F.3d 1121, 1124 (Fed. Cir. 2002). Yet nowhere in the majority opinion in *Gallegos* did the court find that this Court's opinion failed to meet that standard. Instead, it applied *Chevron*, *supra*, as the basis for its holding that we had not properly deferred to a VA regulation that had imposed on VA claimants a requirement, in addition to those in statutory section 7105, that makes it more difficult for a VA claimant "without the assistance of legal counsel" to initiate an appeal in the "non-adversarial" and "pro-claimant" veterans' benefits system, *Santana-Venegas*, *supra*.

In the wake of *Santana-Venegas* and *Jaquay*, both *supra*, and the NOD description in the en banc *Cook* opinion, *supra*, there is no basis any longer – if there ever was – for permitting VA to add a requirement that an unrepresented VA claimant express a desire for **BVA** review in order to file an NOD, which has the function in the VA adjudication system of initiating the appellate process in which the next step is RO review of its disputed prior determination. *See* 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 19.26 (2002) (providing that "[w]hen a[n NOD] is timely filed, the agency of original jurisdiction must reexamine the claim and determine if additional review or development is warranted").

---

[2] Shortly before *Gallegos v. Principi*, 283 F.3d 1309 (Fed. Cir. 2002), was issued by the U.S. Court of Appeals for the Federal Circuit, the court illustrated once more the great weight it placed on the pro-claimant nature of the veterans' benefits process by holding in *Santoro v. Principi* that a letter addressed to this Court with an incorrect zip code that caused it to be misdelivered was nonetheless "properly addressed" and thus timely filed under 38 U.S.C. § 7266(c)(2). *Santoro*, 274 F.3d 1366, 1370 (Fed. Cir. 2001).