Citation Nr: 1542437 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 11-00 291 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an increased rating for residuals of a right great toe fracture, in excess of 10 percent prior to July 23, 2015, and in excess of 20 percent thereafter. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Christine C. Kung, Counsel



INTRODUCTION

The Veteran served on active duty from July 1950 to July 1953.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office in Waco, Texas (RO). 

The Board remanded the appeal in May 2015 to obtain identified medical records and an updated VA examination. The agency of original jurisdiction (AOJ) substantially complied with the May 2015 remand order and the Board may proceed with a decision at this time. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (Fed. Cir. 2002).

In an August 2015 rating decision, the RO granted an increased 20 percent rating for residuals of a right great toe fracture, from July 23, 2015. The Board has, accordingly, recharacterized the issue on appeal to reflect the staged rating.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

For the entire rating period, prior to and from July 23, 2015, residuals of a right great toe fracture were manifested by symptoms equivalent to a moderately severe injury of the right foot.



CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, prior to July 23, 2015, the criteria for a 20 percent rating, but no more, for residuals of a right great toe fracture were met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.321(b), 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5284 (2015).

2. The criteria for a rating in excess of 20 percent for residuals of a right great toe fracture have not been met for any time period on appeal. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.321(b), 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5284 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSIONS

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2015). If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3. 

The United States Court of Appeals for Veterans Claims (Court) has held that staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007). The relevant temporal focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. 
 
During the pendency of the appeal, the AOJ granted an increased 20 percent rating for residuals of a right great toe fracture from July 23, 2015, creating a staged rating. The Board finds, however, that the evidence of record does not establish distinct time periods where service-connected residuals of a right great toe fracture resulted in different symptoms that would warrant different ratings. The Board finds, instead, that a 20 percent rating is warranted for the entire appeal period.

Diagnostic Code 5284 provides ratings for other foot injuries. Moderate foot injuries are rated 10 percent disabling; moderately severe foot injuries are rated 20 percent disabling; and severe foot injuries are rated 30 percent disabling. Note to Diagnostic Code 5284 provides that foot injuries with actual loss of use of the foot are to be rated 40 percent disabling. 38 C.F.R. § 4.71a.

Words such as "severe," "moderate," and "mild" are not defined in the Rating Schedule. Rather than applying a mechanical formula, VA must evaluate all evidence, to the end that decisions will be equitable and just. 38 C.F.R. § 4.6 (2015). Although the use of similar terminology by medical professionals should be considered, is not dispositive of an issue. Instead, all evidence must be evaluated in arriving at a decision regarding a request for an increased disability rating. 
38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. §§ 4.2, 4.6 (2015).

In evaluating disabilities of the musculoskeletal system, it is necessary to consider, along with the schedular criteria, functional loss due to flare-ups of pain, fatigability, incoordination, pain on movement, and weakness. DeLuca v. Brown, 
8 Vet. App. 202 (1995). Functional loss may be due to due to pain, supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion. 38 C.F.R. § 4.40. Weakened movement, excess fatigability, incoordination, pain on movement, swelling, deformity, or atrophy of disuse are relevant factors in regard to joint disability. 38 C.F.R. § 4.45. 

With any form of arthritis, painful motion is an important factor of disability; therefore, the facial expression, wincing, etc., on pressure or manipulation, should be carefully noted and definitely related to affected joints. Muscle spasm will greatly assist the identification. The intent of the schedule is to recognize painful motion with joint or particular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. Crepitation either in the soft tissues such as the tendons or ligaments, or crepitation within the joint structures should be noted carefully as points of contact which are diseased. Flexion elicits such manifestations. The joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint. 38 C.F.R. § 4.59.

In rendering a decision on appeal the Board must also analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). 

After a review of all the evidence, lay and medical, the Board finds that, for the entire appeal period, prior to and from July 23, 2015, residuals of a right great toe fracture were manifested by symptoms equivalent to a moderately severe injury of the right foot.

In July 2012 and February 2012 lay statements, the Veteran identified right foot symptoms, to include swelling, limitations to standing and walking, and an increase in foot size. The Board notes that while he has also identified symptoms related to gout in the right foot and treatment for nail fungus during the course of the appeal, he is not service-connected for gout or nail fungus, and did not appeal the July 2009 denial of such disabilities. Where it is not possible to separate the effects of the service-connected residuals of a right great toe fracture from the Veteran's nonservice-connected disabilities, however, such signs and symptoms have been attributed to the service-connected disability. See 38 C.F.R. § 3.102 (2015); Mittleider v. West, 11 Vet. App. 181 (1998) citing Mitchem v. Brown, 9 Vet. App. 136, 140 (1996) (the Board is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence which does so.)

March 2011 and July 2015 VA examinations and a January 2009 private foot evaluation, completed by Dr. M.D., address the service-connected residuals of a right great toe fracture. Such examinations consistently identify symptoms of pain, weakness, stiffness, swelling, heat, fatigability, and lack of endurance in the right foot due to the right great toe fracture. The Veteran was noted to have a history of gout, and VA examiners noted that it was difficult to separate out symptoms of gout from symptoms of the right great toe fracture. The Veteran used a cane for ambulation and treated pain symptoms with Tylenol. 

The January 2009 private evaluation indicated that the Veteran was able to stand or walk for more than 30 minutes; however, he was noted to have an abnormal gait with slow, choppy steps and guarded movement. On physical examination, the Veteran had weakness, tenderness, and pain on passive and active motion of interphalangeal greater than the metatarsophalangeal joint. He had active range of motion in the right great toe metatarsophalangeal joint with pain. The effect of the service-connected disability on activities of daily living were stated to be highly variable, with the Veteran noting that he stayed off his feet when the toe flared up.

A March 2011 VA examination showed that walking was limited to one-half a block and standing was limited to 10 minutes. The Veteran's gait was slightly antalgic, with no foot pain or tenderness on examination that day. He had active range of motion in the right great toe metatarsophalangeal joint from 0 to 18 degrees, and in the interphalangeal joint from 0 to 20 degrees without pain. He did not exhibit any additional loss due to pain, fatigue, weakness, lack of endurance, or incoordination on repetitive motion testing 

A July 2015 VA examination showed that the Veteran had burning on the dorsum of the foot and pain over the foot, in addition to the great toe. He was able to walk only one block. He used a cane, and occasionally used a walker. He was assessed with a moderately severe right foot injury. The VA examiner indicated that the foot condition chronically compromised weight-bearing. He additionally identified disturbance of locomotion and interference with standing. 

The July 2015 VA examiner assessed the service-connected residuals of the right great toe fracture as moderately severe in degree, consistent with a 20 percent rating under Diagnostic Code 5284. While the January 2009 private evaluation and March 2011 VA examination did not provide a specific assessment with respect to the severity of the right foot disability, the Board finds that the Veteran's symptoms, complaints, and objective findings on examination have been largely consistent over the appeal period. The Board finds that residuals of a right great toe fracture have been manifested by symptoms of pain, swelling, antalgic gait, compromised weight bearing, and limitations to standing or walking. With consideration of the Veteran's functional loss due to flare-ups of pain, fatigability, incoordination, pain on movement, and weakness, the Board finds that the Veteran's disability approximates a rating based on a moderately severe injury to the right foot. See 
38 C.F.R. § 4.71a; DeLuca v. Brown, 8 Vet. App. 202 (1995). Therefore, resolving the benefit of the doubt in favor of the Veteran, the Board finds that for the entire rating period, both prior to and from July 23, 2015, a 20 percent rating is warranted for residuals of a right great toe fracture under Diagnostic Code 5284. 

Next, the Board finds that the criteria for the higher 30 percent rating based on a severe foot injury have not been met or more nearly approximated at any time during the appeal period. As noted above, a July 2015 VA examiner assessed residuals of a right great toe fracture as moderately severe; however, the Veteran's foot disability has not shown symptoms equivalent to a severe degree of disability at any time during the appeal period. Specifically, he had active range of motion in the right toe and foot, and the effects of his right toe disability were stated to be variable based on flare-ups of pain and swelling. Further, the Veteran's foot was not shown to be painful or tender at the time of examination in March 2011. 

Accordingly, the Board finds that residuals of the right great toe fracture do not more nearly approximate a rating based on a severe foot injury at any time to warrant a 30 percent rating under Diagnostic Code 5284. Thus, because the preponderance of the evidence is against the appeal for an increased rating in excess of 20 percent, the appeal is denied, and the benefit of the doubt doctrine is not for application. 

The Veteran is not entitled to a higher evaluation for residuals of a right great toe fracture under other provisions of the rating schedule. The January 2009 private evaluation and March 2011 VA examination show that there was no flat foot, claw foot, hallux valgus, hammer toe, or other deformity, and no malunion of tarsal or metarsal bones to warrant a separate rating under Diagnostic Codes 5267-5283, and a finding of bilateral weak foot was not otherwise indicated by the record. See 
38 C.F.R. § 4.71a, Diagnostic Codes 5267-5283 (2015). 

The Board has considered whether referral for an extraschedular evaluation is warranted. In exceptional cases an extraschedular rating may be provided. 
38 C.F.R. § 3.321 (2015). The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111 (2008).

Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). When the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Director of the Compensation Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. Id. 

Turning to the first step of the extraschedular analysis, the Board finds that the symptomatology and impairment caused by residuals of a right great toe fracture are specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. The schedular rating criteria specifically provides for disability ratings based on the severity of injury to the foot (moderate, moderately severe, severe) which recognizes functional limitations due to pain, painful motion, swelling, weakness, fatigability, and other factors. In this case, the Board finds that the Veteran's pain symptoms, gait disturbance, and associated limitations to standing and walking are contemplated by his moderately severe foot disability under the schedular rating criteria, and higher ratings are available under the applicable rating criteria.

The schedule is intended to compensate for average impairments in earning capacity resulting from service-connected disability in civil occupations. 
38 U.S.C.A. § 1155 (2015). "Generally, the degrees of disability specified [in the rating schedule] are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability." 38 C.F.R. § 4.1 (2015). 

According to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b) ] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. In this case, there is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. In the absence of exceptional factors associated with the Veteran's disability, the Board finds that the criteria for submission for assignment of an extraschedular rating pursuant to 38 C.F.R. § 3.321(b)(1) are not met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

Finally, the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2015); see also Dingess v. Nicholson, 19 Vet. App. 473 (2006). The RO issued December 2008 and March 2009 preadjudicatory notice letters to the Veteran which met the VCAA notice requirements.

VA has also made reasonable efforts to obtain relevant records and evidence. The information and evidence that has been associated with the claims file includes lay statements, VA and private medical records, and VA examinations. The Board remanded the appeal in May 2015 to obtain identified private treatment records and an updated VA examination. In a July 2015 letter, the AOJ requested that the Veteran complete and return enclosed authorization and release forms so they could obtain the identified treatment records. No response was received, and in August 2015 correspondence, the Veteran and his representative indicated that they did not have any additional evidence to submit. Further, the Veteran was afforded an updated VA examination in July 2015. Accordingly, the AOJ substantially complied with the Board's May 2015 remand order. 

The Board finds that, cumulatively, the VA and private foot examinations of record are adequate for rating the service-connected residuals of a right great toe fracture because they were based on examination as well as symptomatology identified by the Veteran, and included findings responsive to the relevant rating criteria. See Nieves-Rodriguez v. Peake, 22 Vet. App 295 (2008); see Barr v. Nicholson, 21 Vet. App. 303 (2007) (finding that VA must provide an examination that is adequate for rating purposes). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination has been met. 38 C.F.R. § 3.159(c)(4). For these reasons, the Board finds that VA has fulfilled the duties to notify and assist the Veteran. 


ORDER

For the rating period prior to July 23, 2015, an increased 20 percent rating, but no more, is granted for residuals of a right great toe fracture, subject to the laws and regulations governing payment of monetary benefits. 

For the entire rating period, an rating in excess of 20 percent for residuals of a right great toe fracture is denied. 




____________________________________________
MICHELLE KANE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs