http://www.va.gov/vetapp16/Files4/1630433.txt

Citation Nr: 1630433 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 09-46 706A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas

THE ISSUES

1. Entitlement to service connection for hepatitis C.

2. Entitlement to an evaluation in excess of 10 percent for fracture of the distal head of the second right metatarsal, with degenerative changes.

WITNESSES AT HEARING ON APPEAL

The Veteran and his wife

ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel

INTRODUCTION

The Veteran served on active duty with the United States Army from June 1974 to June 1976.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The Veteran testified at an October 2013 hearing held before the undersigned Veterans Law Judge at the RO. A transcript of the hearing is associated with the claims file.

This matter was previously before the Board in March 2015 and was remanded for further development. It has now been returned to the Board for further appellate review.

In an April 2015 properly executed VA Form 21-22, the Veteran appointed The American Legion as his representative. Accordingly, The American Legion has a general power of attorney related to the Veteran's claims before VA. In a March 2016 memorandum, a representative from The American Legion indicated that the organization refused to act as the Veteran's representative in this matter. In a subsequent April 2016 letter, the Board inquired if the Veteran wished to appoint a new representative. The Veteran replied in May 2016 that he wished to represent himself. As such, the Board will proceed with the Veteran's appeal.

The Board has reviewed the Veteran's electronic claims file in the Veterans Benefits Management System (VBMS) as well as the electronic records maintained in the Virtual VA system to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Regarding the claim for service connection for hepatitis C, the Board's March 2015 remand directed that the Veteran be afforded a new VA examination in connection with his claim. The examiner was requested to take from the Veteran a history sufficient to identify potential risk factors for hepatitis. As a consequence of the Board's remand, a VA examination was conducted in July 2015. The examiner opined that it was less likely than not that the Veteran's hepatitis C had its onset in service or was otherwise related to service. The examiner indicated that the Veteran tested positive for hepatitis B and hepatitis A in service in 1975, but not non-A or non-B hepatitis which was later known as hepatitis C. The examiner then indicated that "based on the timeline of available diagnostic testing discussed above, if the Veteran was infected with hepatitis C, the result would have stated/classified as 'non-A, non-B hepatitis' could have resulted."

However, while the examiner included high risk sexual activity and crack cocaine in the diagnosis portion of the examination report, risk factors were not specifically discussed in connection with the July 2015 opinion. It appears that the examiner's opinion was based on the absence of a showing of an active disease or infection in service, without consideration of the possibility of a latent infection. The claims file reflects that the Veteran has endorsed risk factors such as high risk sexual activity during service, and service treatment records show that he was diagnosed with syphilis in December 1975. Therefore, remand is necessary for an addendum opinion. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

As to the claim for an increased rating for the Veteran's fracture of the distal head of the second right metatarsal, with degenerative changes, the March 2015 remand also directed that the Veteran be afforded a new VA examination to determine the current severity of his service-connected right foot disability. A VA examination was conducted in April 2015. The examiner stated that the Veteran did not have a current diagnosis associated with the his service-connected fracture of the distal head of the second right metatarsal, with degenerative changes, and indicated that x-ray findings of degenerative changes in April 2014 and June 2014 were "age and disease (gout) appropriate." However, the examiner also noted that the Veteran experienced symptoms of pain, swelling, sensation of walking with rocks in his shoes, and that gout was a known associated condition. Aggravating factors included prolonged walking, standing, driving distances, cold and wet weather, and positing on tip toes. On examination, the Veteran was shown to have pain on use and manipulation of the right foot, which was accentuated on use and manipulation. The examiner also indicated that the Veteran had pes planus in the right foot, and metatarsalgia in the right foot which was localized to the area immediately over the second metatarsal head. There was pain in the right foot on examination, which the examiner found contributed to functional loss. Contributing factors of disability included pain on weight-bearing, instability of station, interference with standing, and lack of endurance. 

Based on these findings, the Board is unable to render a decision for this claim because it is unable to determine the severity of the symptoms attributable to the Veteran's service-connected right foot disability as opposed to the non-service-connected conditions. The examiner did not attribute identified symptoms of pain with any particular disability. Accordingly, the Board finds that an additional VA examination report will help differentiate any physical symptoms that are not attributable to the service-connected fracture of the distal head of the second right metatarsal, with degenerative changes. See Mittleider v. West, 11 Vet. App. 181, 182 (1998) (per curiam), citing Mitchem v. Brown, 9 Vet. App. 136, 140 (1996) (stating that the Board is precluded from differentiating between symptomatology attributed to a non-service-connected disability and a service-connected disability in the absence of medical evidence that does so, although the Board may not ignore such distinctions where they appear in the medical record). 

Finally, on remand, any outstanding and relevant VA treatment reports not already associated with the file should be obtained.

Accordingly, the case is REMANDED for the following action:

1. Obtain any updated VA treatment records from the Houston VA Medical Center, and all other associated clinics, as well as any other VA facility identified by Veteran or in the record, for the period since June 2015.

2. Return the Veteran's claims file to the VA examiner who conducted the July 2015 VA examination relating to his claim for service connection for hepatitis C for an addendum medical opinion. If the examiner is not available, then a VA clinician with the relevant medical expertise should be asked to review the claims file and provide the requested medical opinion. The Veteran should only be scheduled for another examination if it is deemed necessary by the clinician providing the opinion.

Following a review of the claims file and a copy of this remand, the examiner should provide an opinion as to whether it is at least as likely as not (i.e. a 50 percent or greater probability) that the Veteran's hepatitis C is related to events during his active duty service.

The examiner should discuss any potential latency period from infection to diagnosis, discuss any other relevant medical or lay evidence, to include any potential risk factors for hepatitis C exposure the Veteran experienced, including high risk sexual activity during service. 

A complete rationale should be provided for any opinion expressed. Such rationale must include an explanation as to the mode of transmission of the hepatitis C virus for each risk factor that the examiner identifies as causing the Veteran to contract Hepatitis C. A mere statement listing the most likely risk factors is not adequate.

If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

3. Schedule the Veteran for a VA examination to determine the nature and severity of his service-connected fracture of the distal head of the second right metatarsal, with degenerative changes. All indicated tests and studies should be performed and all findings should be reported in detail. The claims file should be made available to the examiner for review. 

In particular, the examiner should distinguish to the extent possible, what symptoms are specifically attributable to the Veteran's service-connected fracture of the distal head of the second right metatarsal, with degenerative changes, and what symptoms are attributable to any other nonservice-connected foot disabilities. A full and complete rationale for any opinion expressed is required.

4. After completion of the above requested development, and any other development deemed necessary, readjudicate the claims on appeal with consideration of all evidence received. If the benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case, and afford them the opportunity to respond before the claims file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).